SARAH E. PARKER *vs*. EDMUND E. PRESCOTT.

Waldo.    Opinion February 20, 1894.

</div>

<div align="right">

| 86 | 241 |
|----|-----|
| s87 | 444 |
| 86 | 241 |
| 99 | 425 |

</div>

<div align="center">*Deed. Notice. Judgment. Non-Resident Debtor.*</div>

A grantee in a deed not recorded does not prove that a person. who attached as the property of the grantor the premises covered by the deed, had at the time actual notice of the existence of such deed, by showing that such person, in a conversation which took place some years before the date of the attachment, and at a time when he had no interest whatever in a knowledge of the fact nor any motive for remembering it, was informed that the grantor had made a conveyance of the premises; but, to constitute actual notice, it should also further appear that such person actually remembered the fact of the conveyance when his attachment was made.

A judgment against a non-resident, over whose person the court has not jurisdiction, but whose property is attached in this State, is. not invalid because it is in form general against both property and person, instead of special and limited to the property attached; such a judgment is special in effect.

*Knapp* v. *Bailey*, 79 Maine, 195, affirmed.

See *Parker* v. *Prescott*, 85 Maine, 435.

ON MOTION.

This was a writ of entry, plea the general issue, and a verdict for the defendant. It was the second trial of the same case reported in 85 Maine, 435.

*Jos. Williamson*, for plaintiff.

*W. H. Fogler*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, JJ.

PETERS, C. J.    This is a real action to recover a small homestead in Palermo, in Waldo county, about the title to which certain undisputed facts appear.    Willard H. Chadwick received a deed of the farm from his father in 1872.    In May, 1875,

Willard conveyed the same to his brother Edwin, who in April, 1878, conveyed the same to the defendant. The deeds to Edwin and the defendant remained unrecorded until some time in the year 1890. Willard had boarded with the demandant considerably in Worcester (Massachusetts), where she had kept an extensive boarding-house, while he was at work at some trade or business in that city. He was in Palermo when he conveyed the premises to his brother, and, returning to Worcester some months afterwards, he and his wife again took their meals at her house while occupying rooms in the vicinity. Afterwards he became indebted to his landlady for his own and his wife's board, the indebtedness accruing after January 1, 1876, for a balance of which she obtained judgment against him in some court in Worcester county in April, 1878. Not obtaining satisfaction of her claim, and supposing it possible that her debtor possessed some estate in Palermo, where he had many years lived while not at work in Massachusetts, her attorney in Worcester procured an examination to be made of the Waldo county records, and, finding the farm in question to be standing in his name, the same was attached on a writ in her name against him in November, 1884. The action went to judgment and upon an execution issued thereon the premises were sold to the demandant.

The disputed fact of the case is whether the demandant, when she made her attachment, had actual notice that the land had been previously conveyed by her debtor. The Chadwicks, husband and wife, testify that upon their return to Worcester, or soon afterwards, they spoke to her or in her presence of their having during their absence sold their farm in Maine; and the pretended conversations are related in several ways. All this is wholly denied by the demandant who was also a witness. The testimony for the defense does not impress us as being entitled to very great credibility, but whether the jury were justified in their full acceptance of it as true we need not, in our view of the case, now consider.

The true inquiry manifestly is whether the demandant was chargeable, at the very date of her attachment, with a kind and degree of notice which would render such attachment invalid. In

other words, was she possessed of such actual notice at the moment when the attachment was made. It is not enough, in the circumstances of this case, that she had years before in a. passing and unimportant conversation casually heard of a conveyance in which she had no interest nor expected to have· any. It might be different had the notice been purposely given to her as an interested party, or if for any other reason it had. been her duty to recollect the fact. But here no such obligation existed. She had never been in Maine, and knew nothing about Willard's property in Palermo more than that he had something· to do with his father's farm there, which was not the farm in controversy. He was not her debtor when he informed her, if' he did so, of the sale of his farm, and therefore she had no. motive to treasure up the information in her memory. No. particulars of the transaction of sale or significant incidents. connected with it were communicated to her, and her attachment was not placed upon the property until from nine to ten years after that time. In the meantime there had been no reminder· of the fact. We are of the opinion that such information communicated to her in the year 1875 would not be effectual to ' establish actual notice to her in November, 1884, unless she· retained the fact in her mind and memory at the latter date.

Our conclusion is not at all in conflict with the doctrines. enunciated in *Knapp* v. *Bailey*, 79 Maine, 195. That case· extends a generous protection to grantees whose deeds are not recorded but are known to parties trying to gain priority over· them. But the doctrine is not to be extended and should not be misapplied. It is a very grave neglect for a grantee to fail to record his deed.

The counsel for the defendant contends, erroneously however, that the judgment recovered in Waldo county by the demandant, upon which the sale was made to her as a purchaser, is void because issued against the debtor personally instead of against the property attached only, the court acquiring no jurisdiction over the person. It is very common to allow such judgments although not always available against the defendant personally, or collectible beyond the amount of the property attached on the writ. *Eastman* v. *Wadleigh*, 65 Maine, 251.

We think the jury could not have appreciated the distinction between receiving notice and remembering it; and we do not know whether any such distinction was explained to them by court or counsel at the trial.

*Motion sustained.*