STATE *vs.* DAVID J. H. BACON

1.  CRIMINAL LAW—PUNISHMENT OF INHABITANT FOR FOREIGN BIGA-
    MOUS MARRIAGE, VALID.

    *Rev. Code* 1915, § 4785, making it an offense, punishable like a bigamous marriage contracted in the state, for a married person, an inhabitant of the state, to go out of the state and contract marriage with intent to return and reside in the state, if he returns accordingly, is within legislative authority and not violative of Const. U. S. Amend. 6, guaranteeing trial by jury of the state and district wherein the crime was committed.

2.  CRIMINAL LAW—ESSENTIALS FOR DRUNKENNESS TO BE A DEFENSE,
    STATED.

    For drunkenness to be a defense to crime, accused must have been so intoxicated as to be incapable of forming or entertaining a specific intent, an essential element of the offense, and must not, before becoming intoxicated, have resolved to commit the crime.

3.  CRIMINAL LAW—GOOD REPUTATION TO BE CONSIDERED LIKE OTHER
    FACTS.

    Good reputation, when proved, is a fact to be considered by the jury the same as any other proved facts.

4.  CRIMINAL LAW—EACH ELEMENT OF OFFENSE TO BE PROVED BEYOND REA-

SONABLE DOUBT.

    The state must prove each element of the offense beyond a reasonable doubt.

(*November* 16, 1920.)

RICE, J., sitting.
*James Saulsbury* for State.
*Philip L. Garrett* for accused.

Court of General Sessions for New Castle County, November Term, 1920.

INDICTMENT No. 68, September Term, 1920.

David J. H. Bacon, an inhabitant of Delaware, and being married, was indicted for going out of the state, his wife being alive, and contracting marriage with intent to return, contrary to the statute. Verdict guilty.

The statute under which the indictment was found reads as follows:

"If any inhabitant of this state shall go out of the state and contract a marriage contrary to this section, with intention to return and reside in this state, and shall return accordingly, such person, notwithstanding such marriage shall be solemnized, or contracted, out of this state, shall be liable to be indicted, tried, convicted and punished in the same manner as if the said marriage had been solemnized, or contracted, within this state." *Rev. Code* 1915, §4785, *par.* 2.

The state, after proving the marriage of accused to F., in Wilmington, Delaware, on December 27, 1905, from whom he had never been divorced, introduced evidence to show that, in March 1919, he went to Jacksonville, Florida, on a business trip, and there met and was introduced to L., the prosecuting witness; that he in a few days returned to his home in Wilmington, Delaware; that thereafter L. was in frequent correspondence with accused, addressing her letters in care of his employer; that in March 1920, he went to Florida where he remained for a longer period than at first, during which time he made proposals of marriage to L.; that in April, 1920, he returned to Delaware and continued his correspondence with L.; that from both the correspondence and the conversation of accused with L., she was given to understand that he was a divorced man, and that when married he would eventually return to Delaware, where they would reside together in Wilmington; that in May, 1920, accused came to Florida for the third time, and on May 27, 1920, married L. in

Jacksonville, Florida, after which they went on a honeymoon trip to Cuba; that upon their return from Cuba to Jacksonville, L. ramained in Jacksonville and accused returned to Delaware, with the understanding that L. would later come to Delaware to live with him; that he, upon his arrival in Delaware, went home to F., his lawful wife, and never thereafter communicated with L.

Counsel for accused moved that the jury be instructed to return a verdict of not guilty, on the ground that the statute under which the indictment was found is unconstitutional and void, being in contravention of the Sixth Amendment to the Constitution of the United states, which reads:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

For the state it was contended that having proved that the accused intended to return and reside in the state of Delaware, after his unlawful marriage in Florida, and that he did return accordingly and reside with his lawful wife, the bigamous marriage in Florida was not only an offense against the state, but an offense both against his lawful wife living in Delaware, and the woman whom he unlawfully married living in Florida, his lawful wife being then alive; and that the statute, intended to cover just such cases, is valid.

RICE, J. [1] By section 4785, *Rev. Code* 1915, the Legislature not only defined a bigamous marriage, and made such marriage a criminal offense, but provided that an inhabitant of this state going out of the state and contracting marriage with intent to return, contrary to the statute, shall be liable to prosecution, the same as if such marriage had been solemnized in this state. The offense thus created is, like a bigamous marriage solemnized within this state, an offense both against public morals and individuals. The offense committed within the terms of the statute is made a distinct offense against the state, independent of the offense

Opinion.

of bigamy committed within the state, and the creation of such an offense is clearly within legislative authority, and not violative of the Sixth Amendment of the federal Constitution. The motion for binding instructions is denied.

The defense was confession and extenuation, the accused testifying that because of a state of intoxication, he had little or no recollection of what occurred on his last trip South and that when, after his marriage in Florida and while in Cuba on their honeymoon, he recovered sufficiently to realize his situation, he immediately informed L. of his intention to return to his home in Delaware, which he did, leaving L. in Jacksonville. Evidence of good character of the accused was introduced.

For the state the court was requested (1) to direct the attention of the jury to the first paragraph of the statute, defining the crime of bigamy; (2) to the second paragraph of the statute under which accused was indicted; (3) and to instruct them that under the law drunkenness is no excuse for crime.

Counsel for accused prayed the court to charge (1) upon drunkenness as in *State v. Kavanaugh*, 4 *Pennewill*, 131, 53 *Atl.* 335; (2) upon the rule with respect to character evidence; (3) as to presumption of innocence and reasonable doubt.

RICE, J., charging the jury:

The indictment in this case in substance charges that David J. H. Bacon on the 27th day of December, 1905, at the city of Wilmington, in the state of Delaware, did marry one Bertha Faust, and that on the 27th day of May, 1920, he the said David J. H. Bacon then being an inhabitant of the state of Delaware, did go out of the said state, to wit, at Duval county in the state of Florida, and there did contract a marriage with one Joe Rue Lowe and to her the said Joe Rue Lowe was then and there married, the said Bertha Faust, his former wife, being then alive, and he the said David J. H. Bacon, who by marriage as aforesaid became the husband of Joe Rue Lowe, then and there intending to return and reside in the state of Delaware and did return accordingly, to wit, at New Castle county aforesaid, against, etc.

The statute of this state upon which this indictment is based provides as follows:

"Whoever, having contracted marriage, shall, in the lifetime of his or her husband or wife, marry with another person, or if any unmarried person shall marry with a person having at the time a husband, or wife living, and such fact be known to such unmarried person, he or she shall be deemed guilty of bigamy." etc. *Rev. Code* 1915, § 4785.

The second paragraph of the section provides as follows:

"If any inhabitant of this state shall go out of the state and contract a marriage contrary to this section, with intention to return and reside in this state, and shall return accordingly, such person notwithstanding such marriage shall be solemnized, or contracted, out of this state, shall be liable to be indicted, tried, convicted and punished in the same manner as if the said marriage had been solemnized, or contracted, within this state."

Thus, under this section, there are certain elements of the offense charged, and certain necessary elements, for the state to prove before it may secure a conviction. The first element is that the accused be an inhabitant of this state, second, that he shall go out of the state and contract a marriage contrary to this section, third, that he do so with the intention to return and reside in this state, and fourth, that he shall return accordingly. Thus, it is necessary for the state to prove that David J. H. Bacon was an inhabitant of this state, that he went out of the state and contracted a marriage contrary to the provisions of this section, and that the marriage was contracted with the intention on his part to return and reside in this state, and that he did return accordingly. It is necessary for the state to prove beyond a reasonable doubt every essential element of the crime charged.

[2]   The accused does not deny his marriage to Bertha Faust, nor that she was living at the time of his alleged marriage to Joe Rue Lowe, the prosecuting witness. The accused, however, claims that immediately prior to, and for some time subsequent to the date of his marriage to Joe Rue Lowe, he was in a mental state induced by the use of intoxicating liquors which rendered him incapable of realizing the nature and character of his acts, and he now claims that he remembers very little that transpired during said period. This brings into the case the defense of drunkenness, and where one relies upon drunkenness as a defense, the burden

Opinion.

of proving it rests upon the accused.   The courts of this state have
repeatedly laid down the law with respect to drunkenness in con-
nection with crime, and in the case of *State v. Kavanaugh*, 4 *Penne-
will*, 131, 135, 53 *Atl.* 335, 336, the court used the following lan-
guage:

"The law is well settled, as a general rule, that one who voluntarily in-
toxicates himself and beclouds his reason cannot set up such condition in ex-
cuse or mitigation of a crime committed while in that condition.   The effect
of drunkenness upon the mind and upon men's actions when under the full
influence of liquor are facts known to every one, and it is as much the duty of
men to abstain from placing themselves in a condition from which such danger
to others is to be apprehended as it is to abstain from firing into a crowd or
doing any other act likely to be attended with dangerous or fatal consequences.
There would rarely be a conviction for homicide, for instance, if drunkenness
avoided responsibility.  Few violent crimes would probably be attempted with-
out resorting to liquor both as a stimulant and as a shield, and the very fact,
therefore, which shows peculiar malignant deliberation would be interposed
as an excuse.

"But although voluntary intoxication constitutes neither excuse for nor
palliation of crime, yet in cases in which a specific or particular intent or pur-
pose is an essential or constitutent element of the offense, as in the case of
larceny, intoxication, even though voluntary, becomes a matter for considera-
tion and is competent evidence on the question whether, by reason thereof,
the defendant was incapable of forming or entertaining such an intent or pur-
pose at the time the act was perpetrated.   When the nature and commission
of the crime are made by law to depend upon the peculiar state and condition
of the mind at the time, and with reference to the act done, drunkenness,
as a matter of fact affecting such state or condition of the mind, is a proper
subject for the consideration of the jury.   If the mental status required by
law to constitute crime be one of deliberation or premeditation, and drunken-
ness excludes the existence of such mental state, then the particular crime
charged is not excused by drunkenness, but has not in fact been committed.
To regard the fact of voluntary intoxication as meriting consideration in such
a case is not to hold that drunkenness will excuse crime, but to inquire wheth-
er the very crime which the law defines has been in point of fact committed.

"It is manifest that great caution is necessary in the application of this
doctrine, and those whose province it is to decide in such cases should be satis-
fied from all the facts and circumstances before them, that the unlawful act
was committed by the accused when by reason of intoxication his mental con-
dition was such that he did not know that he was committing the crime, and
also that no design to do the wrong existed on his part before he became thus
incapable of knowing what he was doing.   There is great danger that undue
weight will be attached to the fact of drunkenness.   Where it is shown in a
criminal case, courts and juries should see that it is used only for the purpose
stated and not as a cloak or justification for crime, and that it is not feigned,
or pretended, nor actually incurred for the purpose of the commission of the
particular offense.

"Whether the accused was so drunk at the time of committing the act as
to be incapable of forming or entertaining a design or an intent is always a
conclusion to be drawn by the jury from all the evidence before it.   And the
mere fact of intoxication, no matter how complete or overpowering, is not con-

clusive evidence of the absence of capacity to form an intent to commit crime. Evidence of intoxication should always be received with great caution and carefully examined in connection with other circumstances.

"A person who is intoxicated may nevertheless be capable of deliberation and premeditation, and a drunken man who commits a wrongful act willfully and premeditatedly is as guilty in the eyes of the law as if he had been sober. If a person resolves to commit a crime and then drinks to intoxication and commits the act, the fact of intoxication cannot lessen the degree of the offense, because he specifically intended to commit it. When the specific intent, as in this case before you, is a necessary ingredient of the crime, so long as the defendant is capable of conceiving and entertaining the design he must be presumed, in the absence of proof to the contarary, to have intended the natural and probable consequences of his act."

[3] Good reputation, when proved, is a fact to be considered by you the same as any other fact proved in the case, and in considering the question of intent, it is your duty to consider all the circumstances and facts in the case surrounding the transaction, and it is proper in that connection for you to take not only the evidence in the case, but to consider the witnesses who have testified in the case, their appearance upon the witness stand, any interest they may have in the outcome of the proceeding or any bias or prejudice they may have.

You are the sole judges of the credibility of the witnesses and the weight and value of their testimony. It is proper for you to consider, in determining the credibility of the witnesses, their appearance upon the stand, the manner in which they testified, their apparent fairness in giving their testimony, and their knowledge and opportunity of observing the things to which they testified.

Where the evidence is conflicting, as it is in this case, it is your duty to reconcile it if you can. If you cannot reconcile it, that is, make one harmonious story out of all the evidence in the case, it is your duty to accept that part of the testimony which you believe to be most worthy of credit and reject any you believe to be unworthy of credit. The court cannot charge you upon the facts, but you are to determine the facts in the case in connection with the law as the court states it to you.

[4] As I have stated, it is necessary for the state to prove beyond a reasonable doubt that the accused left the state of Delaware, having a lawful wife then living, and contracted a marriage

in the state of Florida with the intention to return and reside in this state, and that the accused, in accordance with such intention, did return and reside in the state of Delaware.

If, after considering all the evidence in the case, you have a reasonable doubt as to any element of the offense charged, it is your duty to render a verdict of not guilty. If you believe from the evidence that the accused is not guilty as charged in the indictment, your verdict should be not guilty. But if you believe beyond a reasonable doubt that the accused is guilty in manner and form as indicted, your verdict should be guilty. You are to arrive at your verdict after a full consideration of all the evidence in the case.

Verdict guilty.