MORRIS MENCHER *vs.* ELLIS E. WATERMAN ET AL.

Cumberland.    Opinion February 21, 1926.

*An excepting party, in the Law Court, is confined to the grounds expressly stated at the trial or contained in his exceptions.*

*A single statement in the charge, standing alone, might be open to objection, but taken in connection with all other parts of the charge, and as it must have been understood by the jury, may not be exceptionable.*

*Even if instructions are erroneous a new trial will not be granted for that reason unless it also appears that the error was prejudicial to the excepting party.*

While an instruction may not be perfectly correct, standing alone, yet if the finding of the jury was correct, upon a view of the whole case as presented to them, the excepting party cannot be considered as a party aggrieved, in the language of the statute which authorizes filing exceptions by an aggrieved party.

When a party to the cause takes exceptions to a ruling of the presiding Justice it is incumbent on such party to show affirmatively, not only that there was error in such ruling, but also that he is aggrieved thereby.

On exceptions by defendant. An action to recover damages to a stock of clothing and furnishing goods in a retail store of plaintiff on Congress Street in Portland. Plaintiff alleged negligence of the defendants in allowing a certain water pipe filled with water in rooms occupied by defendants over the plaintiff's store, to freeze and burst, thus causing the water to run down into plaintiff's store and damage his stock of goods. A verdict for plaintiff for $415 was rendered. At the close of the charge by the presiding Justice defendants' counsel took three exceptions to certain parts thereof, the first of which he waived, and argued the other two. Exceptions overruled.

The case is fully stated in the opinion.

*Samuel L. Bates,* for plaintiff.

*Joseph E. F. Connolly,* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, STURGIS, JJ.

PHILBROOK, J. This case is before us upon defendants' exceptions to certain instructions contained in the charge of the presiding Justice. As originally prepared the bill contained three exceptions, but defendants, in argument, state that they now waive the first exception and rely only on the second and third. Moreover, they say that these two exceptions are part of the same thought and are treated jointly.

The record shows that the plaintiff was a clothing dealer, occupying a store on the street floor, and a portion of the basement thereunder, in a certain building; that on the second floor, directly over the store, was a room under the control of and occupied by the defendants; that this second floor room was used by the defendants as a store-room; that there was a water pipe which led from the basement, through plaintiff's store and into the defendants' storeroom; that the storeroom was not heated; that on a cold January night the water was frozen in that part of the pipe which was under a sink in defendants' room; and that because of such freezing the pipe was bursted, thus allowing water to run down into plaintiff's store, injuring merchandise and rendering the store unfit for use for a time.

The defendants were not the owners of the building but because of certain leasehold rights were landlords of the plaintiff.

The record further shows that in the charge the language made the subject of the second exception immediately followed the language made the subject of the third exception, so that by first quoting the instruction challenged by the third exception we shall better understand the consecutive language made the subject of the second objection.

### THIRD EXCEPTION:

"Now the plaintiff in this case says that there were certain water pipes in the building under the control of the defendant, and that it was the duty of the defendant to maintain those water pipes in such a manner that they would not burst, and thereby injure the plaintiff; and I say to you that it was their duty to maintain those pipes in such a manner that they would not burst, and that they should maintain them, so to speak, against weather conditions such as exist in this climate. That means not simply against ordinary temperatures, but against extremes. That is all in accordance with the rule that you have applied in these cases, of reasonable and due care, and I say to you that it is reasonable and due care that the defendants should, and the occupant of that store below had a right to assume that in the exercise of reasonable and due care the defendants would, maintain their water pipes in a manner such that they would not be affected by weather conditions so as to burst and thereby injure the plaintiff or his property. Now there is one exception to that which is due to the fact that there sometimes intervenes in the affairs of men what is called an Act of God, or vis major, or superior force, which means a force or a happening that is beyond the power of man to prevent and not to be expected by him. One authority has said that the term 'Act of God,' in its legal sense, applies only to events in nature so extraordinary that the history of climatic variations and other conditions in the particular locality affords no reasonable warning of them. And if you should find as a fact that the weather conditions were such as to be not simply unusual, but so utterly unexpected that the defendants could not have and should not have been expected to foresee such condition, then the instruction which I have given you as to their duty to keep their pipes in such a condition that weather conditions would not affect them, would be open to that exception."

SECOND EXCEPTION:

"So, I say, it is their duty to do this. They may do it by the construction of the pipes, if such is possible, by enclosing them, or in one way or another putting them into such a part of the building that the cold would not get to them to affect them; or, if they see fit, they may shut them off and withdraw the water from them."

When defendants asked for allowance of the second exception counsel, in open court, assigned as cause therefor "There being no evidence of any change in the situation of appliances after the plaintiff went into possession," and that "from the evidence, so far as it shows here, the pipes were in the same position they were in when the landlord (defendants) took possession." It is familiar law that the excepting party is confined to the grounds expressly stated at the trial or contained in his exceptions. *Lenfest* v. *Robbins*, 101 Maine, 176; *McKown* v. *Powers*, 86 Maine, 291. Hence, so far as the rights of the defendants are concerned, in the consideration of this second exception, we may and should properly confine our examination to the grounds thus stated in open court and before the jury retired. The gravamen of the alleged cause of action is the negligence of the defendants. The exact application of this exception to that gravamen is not made clear. By the terms of his lease the plaintiff was required "to do all and every of their own repairing at their own expense,—heating and lights—keep all water pipes, furnace, water closet, window and walls, partitions and all other things in good order, condition and repairs during the time of their occupancy of said premises." But the obligation thus resting on the plaintiff related only to the part of the building leased by him. He did not lease the room over the store. It was there, in that part of the building occupied and controlled by the defendants, that the cause of damage arose. It cannot be successfully claimed that the plaintiff was at fault for negligent conditions in that part of the building which he did not lease. Under the testimony in the case the plaintiff cannot be charged with knowledge of conditions in the upper room, nor with a duty to see that the defendants maintained those conditions in a proper manner. Upon the grounds stated we cannot hold that the second exception avails the defendants in their desire to set aside the verdict.

Under the general discussion of both exceptions, upon which defendants rely, they say that the gist of the instructions excepted to is that a landlord is a guarantor, or an insurer, and responsible for all things which occur upon his property, except it be due to an Act of God which alone excuses him.

More then three quarters of a century ago, in *Hunnewell* v. *Hobart,* 40 Maine, 28, this court wisely held that a single proposition in the charge, standing alone, might be open to objection, but taken in connection with other parts of the charge, and as it must have been understood by the jury, was not exceptionable. In a still earlier case, *French* v. *Stanley,* 21 Maine, 512, decided in 1842, it was held that while a certain instruction then under consideration might not have been perfectly correct, yet, if the finding of the jury, upon a view of the whole case as then presented to them, was correct, the excepting party cannot be considered as a party aggrieved, in the language of the statute, authorizing the filing of exceptions, and exceptions in such case would not be sustainable. In *Russell* v. *Turner,* 59 Maine, 256, citing several cases in support, it was declared that there are many cases in which it has been held that even if instructions are erroneous, unless it appears also that they might have been prejudicial to the excepting party, a new trial will not be granted. In *Look* v. *Norton,* 94 Maine, 547, this court held that even if a certain instruction was erroneous it did not follow that the exceptions should be sustained, because it must also appear that the excepting party was prejudiced by the instruction against which complaint is made. Again, in *Gordon* v. *Conley,* 107 Maine, 286, discussing motion for new trial and exceptions, our court declared "whatever the errors in the rulings of the court, the result of the trial was evidently right. It would seem like trifling with the ends of judicial procedure to say that an erroneous ruling, which did not affect the truth of the result, should be regarded as a sufficient reason for the overturning of a fair and honest judgment. If the court erred, the jury did not." Finally, when a party takes exceptions to the rulings of a presiding Justice, it is incumbent on such party to show affirmatively, not only that there was error in such rulings, but also that he is aggrieved thereby. *Hix* v. *Giles,* 103 Maine, 439; *Moore, Appellant,* 113 Maine, 195.

Bearing in mind these salutary rulings, which not only tend toward an end of lawsuits and legal delays, but also toward the working of

such substantial justice as the infirmities of human institutions may render, we have carefully examined the entire charge, to isolated portions of which exceptions have been taken, and the testimony upon which the jury based a verdict. From this examination we unhesitatingly say that when the whole charge is studied, and the effect thereof is carefully weighed, there is not exceptionable error to be found therein. The instructions which preceded and those which followed the paragraphs relied upon in the bill of exceptions are substantially correct and must have made the legal situation clear to the minds of the jurors. Moreover, we are equally satisfied that the verdict of the jury was conservative and well founded upon the evidence; that "the result of the trial was evidently right." No motion for new trial upon grounds that the verdict was against the weight of evidence, or that the damages were excessive, was presented.

*Exceptions overruled.*