STATE OF MAINE *vs.* HARRY SIDDALL.

Oxford.    Opinion October 21, 1926.

*Exceptions in order to be sustained must show within themselves that the excepting party was aggrieved.*

*Intoxication does not make innocent an otherwise criminal act.*

*Appeal lies only in cases of felony, from a denial of a motion for a new trial by the presiding Justice.*

Where in a prosecution for knowingly transporting intoxicating liquor the only exceptions are to the following extract from the Judge's charge, to wit: "The law will not permit a man to hide behind the statement 'I was drunk' " and "if he bought the liquor and put it in his pocket the fact that he may have been intoxicated will not excuse the act," the respondent is not in any legal sense aggrieved.

In a prosecution for crime in which knowledge or specific intent are necessary elements, if no sober premeditation be shown inability to possess knowledge or harbor intent is a defense, even though such condition of mental oblivion is produced by intoxication. But in the instant case nothing in the rulings excepted to is at variance with this principle.

On appeal and exceptions. Respondent was indicted for knowingly transporting intoxicating liquor without Federal permit and found guilty by a jury. At the conclusion of the Judge's charge respondent excepted to a part of it, and also filed a motion for a new trial

which was denied and an appeal taken. Appeal dismissed. Exceptions overruled. Judgment for the State.

The case is fully stated in the opinion.

*Hugh W. Hastings, County Attorney,* for the State.

*Peter M. MacDonald and George A. Hutchings,* for respondent.

SITTING; WILSON, C. J., PHILBROOK, DEASY, BASSETT, PATTANGALL, JJ.

DEASY, J. The indictment, based upon Chapter 116 of the Laws of 1925 charges that the respondent, without Federal permit, knowingly transported intoxicating liquor from place to place within the State. The case comes to this court on exceptions to the charge of the presiding Justice.

"To sustain exceptions they must contain within themselves sufficient to show that the excepting party was aggrieved." *Lenfest* v. *Robbins,* 101 Maine, 178, *Borders* v. *Railroad,* 115 Maine, 208, *State* v. *Chorosky,* 122 Maine, 287.

The respondent excepts to parts of the charge set forth in the bill as follows: "The law will not permit a man to hide behind the statement 'I was drunk' " and "if he bought the liquor and put it in his pocket the fact that he may have been intoxicated will not excuse the act" i. e. the act of transporting intoxicating liquor in his pocket.

The respondent is not in any legal sense aggrieved by these rulings.

Intoxication does not make innocent an otherwise criminal act. The rulings say no more than this.

It is true that in a prosecution for crime in which knowledge or specific intent are necessary elements, if no sober premeditation be shown (*State* v. *Bacon,* (Del.), 112 Atl., 682), inability to possess knowledge or harbor intent is a defense, even though such condition of mental oblivion is produced by intoxication. 16 C. J., 107, 8 R. C. L., 131 and cases cited.

But nothing in the rulings excepted to is at variance with this principle.

The converse of the rules given by the presiding Justice could not be defended as correct to wit: "The law *will permit* a man to hide behind the statement 'I was drunk' " or "the fact that he was intoxicated *will excuse* the act." The parts of the charge brought forward for our consideration merely negative such manifestly erroneous propositions.

The respondent also presents an appeal from the ruling of the presiding Justice refusing to set the verdict aside and grant a new trial. The appeal must be dismissed. The ruling of the court below is final. It is not subject to exception. *State* v. *Simpson*, 113 Maine, 27. An appeal lies only in cases of felony. R. S., Chap. 136, Sec. 28.

> *Appeal dismissed.*
> *Exceptions overruled.*
> *Judgment for the State.*