RICHARD DESMOND, PRO AMI

*vs.*

ADELBERT H. WILSON

HAROLD DESMOND

*vs.*

ADELBERT H. WILSON

Kennebec.   Opinion, August 3, 1948.

*William H. Niehoff*, for plaintiffs.

*Locke, Campbell, Reid & Hebert*, for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

FELLOWS, J.   These actions for negligence brought by a minor and his father, come to the Law Court on defendant's exceptions.   The cases were tried together, and there is one

bill of exceptions for the two cases. There are two exceptions. One exception relates to a refusal to give a requested instruction relative to the rule of care for a child pedestrian crossing the highway, and the other exception relates to the pedestrian rule as given in the charge itself. These exceptions are overruled.

The record contains only the bill of exceptions and the charge of the presiding justice. None of the testimony was made a part of the bill, and none of the testimony, as presented to the jury, is before this court.

The facts stated in the defendant's bill of exceptions are these: On August 25, 1947 an automobile operated by the defendant, Adelbert H. Wilson, struck and seriously injured the plaintiff, Richard Desmond, aged ten years, five months while he was crossing a public highway within the town of Fairfield. The minor plaintiff was walking across the way from the defendant's right to defendant's left and "was struck on the defendant's extreme left side of the way as defendant veered to the left." The bill of exceptions states that the declarations are in the usual form. The declaration of the minor, Richard Desmond, was for his injuries, and that of his father, Harold Desmond, for the consequential expenses. The cases were tried together at the April Term of the Superior Court for Kennebec County and resulted in verdicts for the minor plaintiff in the sum of $10,000 and for the plaintiff father in the sum of $2,100.

The bill of exceptions also says that the evidence introduced by the plaintiff tended to prove that the defendant observed the plaintiff at his right side of the road while three hundred feet away, and that the plaintiff was struck on the defendant's extreme left side of the highway, when the defendant turned to his left. The plaintiff contended that the defendant's negligence of high speed, failure to keep to his right side, and failure to stop seasonably, constituted the proximate cause.

The bill says further that the evidence of the defendant tended to prove that the defendant blew the horn when he first observed the boy, that his speed was forty to forty-five miles per hour, that he veered to the left in an emergency in an attempt to avoid hitting. The defendant contended he was not guilty of negligence causing the damage and injury, but that, in any event, the plaintiff was guilty of contributory negligence.

The specific exceptions, as stated in the bill, are:

"Exception 1. At the conclusion of the charge of the Presiding Judge, the defendant seasonably excepted to that portion of the charge relating to the duty of the pedestrian crossing the highway. Exception 2. Prior to the charge, the defendant requested the following instructions numbered 1, 2 and 3:

1. These plaintiffs assume the burden to establish by affirmative evidence that Richard Desmond was in the exercise of due care when he started and continued crossing the road. If they don't so prove under the rules of evidence I have given you, they cannot recover, and the verdict must be for the defendant in both cases.

2. Such due care of Richard Desmond, which must be proved to recover, means that standard of care which an ordinarily careful and prudent boy of his age (in this case 10 years, 5 months old) would use.

3. Applied here, such care of an ordinarily careful and prudent boy of that age would require that he pay some attention before starting to cross the road and while crossing it. If the plaintiffs fail to prove to you, under the rules I have given you, that Richard Desmond did pay such attention, they fail to prove his due care, and the verdict must be for the defendant in both cases."

Requested instructions numbered 1 and 2 were admitted to be adequately covered by the charge. The defendant sea-

sonably excepted to the refusal to give instruction numbered 3.

The defendant says:

> "The gist of defendant's contention raised by this bill of exceptions is that the Court failed and declined to instruct the jury that this plaintiff, Richard Desmond, crossing the highway, owed any duty to pay attention before starting to cross and while crossing the road."

The justice presiding at the trial instructed the jury upon the question of care to be exercised by the plaintiff, as follows:

> "Richard comes here and has the burden of satisfying you by a fair preponderance of the evidence, by the weight of evidence, first, that Mr. Wilson was negligent and that his negligence caused the injury and, secondly, that he, Richard, was free from negligence. That is, he did not contribute negligently or carelessly in any way to the injuries or the collision; and thirdly, the matter of damages."

Later in his charge the presiding justice said:

> "Now, the rule with respect to Richard—bearing in mind he has the obligation as plaintiff to satisfy you by the weight of evidence that Mr. Wilson was negligent and that he, Richard, was not—the rule for Richard is different. A child of young years, tender years, is not bound to exercise the same degree of care as an adult, but only that degree of care which ordinarily prudent children of his age and intelligence are accustomed to use under like circumstances. No hard and fast rule can be laid down as to the care required of children. It is a question of fact, peculiarly within the province of the jury. Mr. Wilson, the driver, is held to the duty of acting as the ordinarily prudent man would act under the circumstances. Richard is held to the care which ordinarily prudent children of his age and intelligence are accustomed to act under like circumstances."

The presiding justice also said:

"Now, a pedestrian—that is what Richard was, a pedestrian—about to cross a road is not flatly, as matter of law, bound to look and listen. It is not the same as crossing a railroad track. In that case it is a heavy train that goes speedily and must go along. The rule is different than in automobile cases of this type. And whether or not a pedestrian in crossing a street may be guilty of negligence depends in part at least on the extent to which he may rely on the fact that approaching vehicles will be lawfully and carefully driven. He is not negligent as a matter of law because he fails to anticipate negligence on the part of a driver of a car. A pedestrian, adult or child for that matter, has a right to cross a street but, adult or child, he must use due care; in one instance the due care required of an adult and in the other the due care required of a child of his age and intelligence in crossing a street. You may find—and in speaking of matters of this nature I in no way suggest what you will find—you find the facts—I do not—but should you find some emergency arose you will consider that persons faced with emergencies do not always act with the same care and prudence which we may expect at other times. If the emergency was created by the fault of the defendant, for example, it is one thing. If the emergency was created by the fault of the plaintiff it is another thing. If the emergency was created by the fault of both parties or the fault of neither it is still another situation. The plaintiff is entitled to recover, as I said, if you find the defendant was negligent, and secondly, if you find the plaintiff was not negligent."

The charge also in conclusion summarized as follows:

"So, as I have said, and I summarize now on the point of liability. The cases are decided the same way, either for the plaintiff or the defendant. There is no difference in the question of liability. The burden is on the plaintiff to establish affirmatively that the defendant driver was negligent, that he failed to act as the ordinarily prudent man

should have acted under the circumstances and this negligence or lack of due care caused the injuries. Secondly, that Richard used the care that ordinarily prudent children of his age and intelligence are accustomed to use under like circumstances. That is, he must show the defendant was negligent and that he was not."

In the trial of an action it is the duty of the presiding justice, at the close of the evidence, to present the case, in his charge to the jury, by pointing out clearly and concisely the precise issues in controversy and the rules of law applicable thereto. The justice presiding should make the jury understand the pleadings, positions, and contentions of the litigants, by stating, comparing and explaining the evidence. "He should do all such things as in his judgment will enable the jury to acquire a clear understanding of the law and the evidence and form a correct judgment. He is to see that no injustice is done." *York* v. *Railroad Co.*, 84 Me. 117, 128. The charge is, therefore, a general statement of the claims or theories of both parties, as indicated by the evidence, without expressing an opinion as to the correctness of any claim or theory. R. S. 1944, Chap. 100, Sec. 105; *State* v. *Jones*, 137 Me. 137.

"The correctness of a charge is not to be determined from isolated statements extracted from it without reference to their connection with what precedes or follows." *State* v. *Bragg*, 141 Me. 157, 163. Instructions are to be examined with relation to one another and as an entirety. *Reed* v. *Central Maine Power Co.*, 132 Me. 476, 480. If the instructions are substantially correct, and the legal situation was apparently made clear to the jurors, it is sufficient. *Mencher* v. *Waterman*, 125 Me. 178, 183; *Illingworth* v. *Madden*, 135 Me. 159, 163. When the jury has been properly instructed on a certain principle, the amplification or application of it is in the discretion of the presiding justice. *Glazer* v. *Grob*, 136 Me. 123. If the substance of a requested instruction has been given, the court is not required to repeat it in the language of the attorney. *Bedell* v. *Railway Co.*, 133 Me.

268. A trial judge is under no obligation to single out a part of the evidence and give an instruction on that part. *Young* v. *Potter*, 133 Me. 104.

A party is not entitled to have a requested instruction given, even if it states the law correctly, unless it appears that it is supported by facts, that it is not misleading, that it is not already covered by the charge, and that the refusal to give would be prejudicial. *Investment Co.* v. *Cratty*, 127 Me. 290.

Exception will not be sustained unless it appears affirmatively that the excepting party is aggrieved. *Perlin* v. *Rosen*, 131 Me. 481. It must appear that the error, if there was an error, was prejudicial. *Mencher* v. *Waterman*, 125 Me. 178; *Reed* v. *Power Co.*, 132 Me. 476. Where the evidence is not made a part of the bill of exceptions the evidence cannot be considered. *Jones* v. *Jones*, 101 Me. 447.

In this case, now before the Law Court, the defendant, by his bill of exceptions, claims that the charge was not sufficient, because the court failed, and declined, to instruct the jury that this plaintiff child in crossing the highway should "pay some attention before starting to cross the road and while crossing it." The defendant admits that all the general rules of law as given in the charge were correct "in the abstract," but he says that the jury without the words *"pay some attention"* gained "the layman's impression that defendant must be decidedly careful, the plaintiff, being young, was not bound by law to pay any attention."

After careful examination of the complete charge as given, the court cannot avoid the conclusion that the presiding justice clearly, fairly, and fully stated the case for the jury's determination. It was made plain that the burden was upon the plaintiff to establish his own due care, and that due care on the part of a child was that degree of care which ordinarily prudent children of his age and intelligence are accustomed to use under like circumstances. The words contained in the charge clearly express the distinctions ap-

plicable to the care required of adult and child. *Ross* v. *Russell,* 142 Me. 101; 48 A. (2nd) 403. "We are confident that no member of the panel was confused by it or misdirected in his deliberations." *Illingworth* v. *Madden,* 135 Me. 159, 163. See 5 Am. Jur. "Automobiles," 757-763.

The requested instruction was in the discretion of the presiding justice properly refused. The subject had been covered. The words "some attention" could well mislead, unless the evidence and circumstances warranted such an instruction. The testimony., not being made a part of this record, is not before us. "Some attention" could be considered as a very small or a very indefinite amount of care. Webster's New International Dictionary. This is not the law. It is the due care of the child under the circumstances, as was stated to the jury. Then, too, such an instruction, if not authorized by the testimony, might be improperly considered by the jury as a plain intimation on the part of the court that, in the opinion of the presiding justice, no due and reasonable care, even for a child, was here exercised.

We hold therefore,— (1) that the instructions given were sufficient and proper, and (2) that it was not prejudicial error, in this case, to refuse to give the third requested instruction that the plaintiff was required, in order to be in the exercise of due care, to "pay some attention before starting to cross the road, and while crossing it."

*Exceptions overruled.*