STATE OF MAINE
*vs.*
ELWIN L. BARNETT

Oxford.    Opinion, April 9, 1955.

*Henry H. Hastings,* for State.

*William E. McCarthy,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

FELLOWS, C. J. This is an indictment for assault with intent to kill. Trial was had before a jury in the Superior Court for the County of Oxford. The verdict was guilty. The case now comes before the Law Court on exceptions by the respondent to the refusal of the justice presiding to give a certain requested instruction. There were no exceptions taken to the charge as given, and the only question presented is whether there was error in this refusal.

There were conflicts in the testimony, but the jury would be warranted in the belief that on February 18, 1954 the respondent, Elwin L. Barnett, of Upton, Maine with one Annis and one Cooper arrived in Rumford, Maine in an automobile owned by the respondent. During the evening at about 10:30 the respondent and his two friends went into the restaurant known as "Freddies Lunch" in Rumford, owned and operated by Alfred A. Pomerleau, the complaining witness. When the three came into the restaurant they caused a "disturbance" by "staggering in," "swearing and talking loud." Mr. Pomerleau instructed a waitress not to serve them and asked the respondent and his associates to leave. They left, but not until after some words and after Pomerleau went to the phone to call the police, and after the respondent had said to Pomerleau "I will give you one hundred dollars to come out."

When the respondent left the premises of Pomerleau, he and his companions went to another restaurant to eat. About an hour later Mr. Pomerleau went out on the sidewalk in front of his restaurant. It was snowing, and a car

was stuck in the snow in front of the restaurant and some boys were trying to start the car out of the snowbank. Mr. Pomerleau was on the sidewalk and was "joking with them," when the car belonging to the respondent went by. Mr. Annis was driving the respondent's car, and the respondent Barnett was alone on the back seat. Mr. Cooper was on the front seat with the driver. As the respondent's car went by, the respondent fired a shot gun from the window of the rear door. The shot broke the plate glass window beside or near the entrance to the restaurant, and not far from where Pomerleau stood. The respondent's car then proceeded to Bethel, Maine where it was stopped by the highway police.

When first interviewed by police, the respondent denied that he had been in Rumford and denied all knowledge of the affair. At the trial, however, the respondent admitted that he sat alone on the rear seat; that he loaded the automatic shot gun; that he fired the shot from the rear door window; that he had no intention to kill Pomerleau; that he did not even intend to frighten; that he had no reason to fire but "I saw a good chance when nobody would get hurt and I fired." The respondent also said he did not see Mr. Pomerleau; that there was "nobody there;" that there were people in the nearby parked cars but there was "nobody on the sidewalk." The respondent further stated that he had no reason for shooting at Pomerleau, "just drinking that is all."

At the conclusion of the charge to the jury by the presiding justice, the attorney for the respondent requested that the following instruction be given: "If you believe that the respondent did not shoot in the direction of the person of another and under circumstances that he could not strike such person and you satisfy yourself that he did not aim at any person or fire a gun in a manner in which any person could naturally or probably have been injured and therefore

that he could not have intended to shoot at or murder anyone, then you should find the respondent not only not guilty of assault with intent to kill and murder, but also not guilty of assault merely." This instruction was refused, because, as the justice said, "I think I fully covered it in my charge."

Exception was taken by the respondent to the refusal to give this instruction, and this was the only exception taken. There was no request for a directed verdict and no motion for a new trial or appeal. The correctness of a charge is not to be determined from isolated statements, but, rather, from the charge as a whole. *State* v. *Bragg,* 141 Me. 157; *State* v. *Townsend,* 145 Me. 384; *State* v. *Sanborn,* 120 Me. 170; *State* v. *Day,* 79 Me. 120, 125; *State* v. *Benner,* 64 Me. 267.

A presiding justice is not bound to repeat what has already been substantially covered in his charge nor to adopt the language in an instruction if the jury had otherwise been properly instructed. *State* v. *Beane,* 146 Me. 328; *Desmond* v. *Wilson,* 143 Me. 262; *State* v. *Cox,* 138 Me. 151; *State* v. *Pike,* 65 Me. 111; *State* v. *Knight,* 43 Me. 11. A requested instruction which is not, in its totality, sound law, is properly denied. *State* v. *Cox,* 138 Me. 151; *State* v. *McKrackern,* 141 Me. 194, 211.

A man is presumed to intend the natural and the probable consequences of his acts. Intent to kill or to do bodily harm, may be inferred from the circumstances where one acts in a reckless or wanton disregard for the safety of others. The act itself under the existing circumstances may show guilty intention. *State* v. *Sanborn,* 120 Me. 170, 173. See Statutory definitions of assault with intent to kill, Revised Statutes 1954, Chapter 130, Section 6, and Revised Statutes 1954, Chapter 130, Section 21, for definition of assault. See also *State* v. *McKrackern,* 141 Me. 194.

The exceptions present the question of whether the refusal to charge jury as requested was erroneous and neces-

sarily prejudicial. *State* v. *Siddall,* 125 Me. 463; *State* v. *Beane,* 146 Me. 328; *Levine* v. *Reynolds,* 143 Me. 15. The charge is to be taken as a whole and in connection with the evidence. *Desmond* v. *Wilson,* 143 Me. 262, 267; *State* v. *Bragg,* 141 Me. 157; *Labbe* v. *Cyr,* 150 Me. 342, 111 Atl. (2nd) 330.

The instruction asked must be correct, pertinent, not misleading, not already covered, and its refusal would be prejudicial. Where jury has been properly instructed, any amplification, or implication, or further statement, is a matter within the discretion of the presiding justice. *Desmond* v. *Wilson,* 143 Me. 262; *State* v. *Beane,* 146 Me. 328, 333; *State* v. *Cox,* 138 Me. 151; *Mears* v. *Biddle,* 122 Me. 392; *Labbe* v. *Cyr,* 150 Me. 342.

The court is not required to charge the jury in the same language used by counsel in the requested instruction. *State* v. *Smith,* 140 Me. 255; *State* v. *McKrackern,* 141 Me. 194.

It is not the duty of the court to eliminate errors in the requested instructions, nor to clarify or supply omissions. *State* v. *Cox,* 138 Me. 151; *State* v. *Robinson,* 145 Me. 79; *Desmond* v. *Wilson,* 143 Me. 262. If no exceptions to charge as given, and no error in refusal to instruct as requested, the instructions given are to be considered proper and sufficient. *Shannon* v. *Baker,* 145 Me. 58; *Frye* v. *Kenney,* 136 Me. 112.

The charge of the presiding justice as given was a careful and complete statement of the law as applicable to the constitutional rights of the respondent, to the allegations in the indictment, and to the facts in the record that were to be considered by the jury. It was a clear, complete and an orderly presentation of the law that was to be applied, as the jury might find the facts. The respondent was ably represented by very competent counsel. All the rights of the respondent were fully protected. The respondent recog-

nized the validity of the charge, but sought to add other words to instructions already given, and in words that do not fully state the law.

The question of intent was fully covered in the charge. The requested instruction might confuse a jury. It might confuse any person who reads it. The requested instruction does not take into account that a reckless and wanton disregard of the rights and safety of others may, under some circumstances, be an assault, even when no particular person was singled out or aimed at. The requested instruction is not the law. Intent may be inferred and found from circumstances surrounding an act. The circumstances may often be the only proof possible. The admission of a criminal intent is a rarity among the perpetrators of a felony who insist upon trial.

There was no error on the part of the presiding justice in refusing to give the requested instruction.

*Exceptions overruled.*
*Judgment for the State.*