Vivian L. MURRAY et ux.

v.

EASTERN MAINE MEDICAL CENTER.

Supreme Judicial Court of Maine.

Argued March 2, 1982.

Decided July 9, 1982.

Silsby & Silsby, William S. Silsby, Jr., Sandra Hylander Collier (orally), Ellsworth, for plaintiffs.

Gross, Minsky, Mogul & Singal, P.A., Jules L. Mogul, George C. Schelling (orally), Bangor, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

NICHOLS, Justice.

The Plaintiffs, Vivian L. Murray and Robert D. Murray, appeal from a July 23, 1981, judgment for the Defendant, Eastern Maine Medical Center, entered in Superior Court (Washington County) pursuant to a jury verdict. The Plaintiffs assert errors, both in the presiding justice's instruction of the jury on the duty of care owed by a landowner to an invitee on his premises and in the presiding justice's failure to give what they regarded as a "curative" instruction on that point.

We find no error.

On April 19, 1977, Vivian L. Murray allegedly slipped on a stair at Eastern Maine Medical Center in Bangor, fell to the floor, and suffered bodily injuries. Vivian L. Murray brought suit against the hospital for recovery of damages for those bodily injuries. Her husband, Robert D. Murray, joined, claiming damages for his alleged

loss of personal services and consortium arising out of this incident.

As part of his charge to the jury, the presiding justice instructed that if the possessor or owner of land should anticipate harm to his invitees from any condition or activity whose danger was known or obvious to those invitees, the possessor or owner has the duty to warn the invitees or take corrective action to protect the invitees from the known or obvious condition. The presiding justice further explained to the jury that if they found that water was on the step at the hospital and that this water created a dangerous condition, the jury must determine whether the Plaintiffs further proved that the dangerous condition existed for an amount of time sufficient to enable the hospital, using reasonable prudence, to discover the dangerous condition and to take corrective action.

After the presiding justice finished these instructions, and before the jury retired, the Plaintiffs requested that the presiding justice additionally instruct the jury that if they found that the likelihood or possibility of water on the stairs created a dangerous condition, and that the Defendant failed to discover and remedy that condition despite a reasonable opportunity to do so, the Defendant had breached its duty to the Plaintiffs. The Plaintiffs requested still another instruction that the Defendant had a duty to warn the Plaintiffs about any alleged water on the stairs if the jury found that this water could create a dangerous condition that the Defendant knew or should have known about. The presiding justice declined to give these instructions.

On appeal the Plaintiffs stress their claim that the hospital failed in its duty to warn Mrs. Murray of the water which allegedly was on the stair where she slipped, and they assert that the presiding justice's arrangement of his duty of care instruction and his failure to give the requested "curative" instruction prevented the jury from giving due consideration to this claim.

■ An error in a jury instruction or in a refusal to give a requested instruction is reversible error only if it results in preju-

dice. *See Towle v. Aube,* Me., 310 A.2d 259, 266 (1973). Here our review of possible prejudice to the Plaintiffs' case is hampered by the Plaintiffs' failure to include in the record on their appeal counsel's closing arguments at trial. Without the benefit of counsel's final argument we cannot be certain that the issue of the Defendant's duty to warn was presented at trial.

■ The jury instruction, as given, correctly states the law as to the duty of care owed by a landowner to his invitee as set forth in *Isaacson v. Husson College,* Me., 297 A.2d 98, 104–05 (1972). *See also Restatement (Second) of Torts,* Comment f to § 343A (1965). The presiding justice's refusal to give an "additional" or "curative" instruction was not an abuse of his discretion. *See Towle v. Aube, supra; Desmond v. Wilson,* 143 Me. 262, 269, 60 A.2d 782, 786 (1948); R. Field, V. McKusick & K. Wroth, *Maine Civil Practice* § 51.2 (1970 and Supp. 1981).

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.