Lanzinger, J.,
concurring in judgment only.
{¶ 26} Today, the majority holds that the open-and-obvious doctrine may be asserted as a defense to a claim of liability arising from a violation of the Ohio Basic Building Code. In reality, this is more than a defense — it is a complete bar to a claim of negligence.
{¶ 27} 2 Restatement of the Law 2d, Torts (1965), Section 343A(1), states, “A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.” (Emphasis added.) Comment / further explains: “There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.”
{¶ 28} Courts from other jurisdictions have adopted the foreseeability rule of Section 343A.[2] These courts have abolished the traditional common-law defense of open and obvious danger, which completely bars recovery if the danger is known *127 by, or is obvious to, the plaintiff. This court, however, rejected the view expressed in Section 343A in Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. While I believe that Section 343A is the better rule, stare decisis demands that our precedent to the contrary must be respected.
{¶ 29} I also agree with the sentiment recently expressed by the dissent in Uddin v. Embassy Suites Hotel, 113 Ohio St.3d 1249, 2007-Ohio-1791, 864 N.E.2d 638, ¶ 16 (O’Connor, J., dissenting): “As the lead opinion of the court of appeals recognized, ‘[w]hen we are considering a motion for summary judgment, to ignore a party’s purported violation of an administrative rule that is supported by some evidence would vitiate the legal significance of an administrative rule. For instance, in a case wherein summary judgment is sought and application of the open-and-obvious rule is disputed, if a defendant’s purported violation of the administrative code that was supported by some evidence were ignored, a party could violate an administrative rule, thereby possibly endangering public safety, yet be insulated from liability because such a violation constituted an open-and-obvious condition.’ 165 Ohio App.3d 699, 2005-Ohio-6613, 848 N.E.2d 519, ¶ 37. To hold otherwise, we would have to defy the legal significance of administrative rules and suspend common sense.”
{¶ 30} Appellant Dorothy Lang does not contest in this court the determinations of the trial court and court of appeals that the steps upon which her husband fell were an open and obvious condition. If she had, in my view this case would not have been appropriate for resolution by summary judgment. The alleged building-code violations combined with other factors (that it was night, that the steps and sidewalk were uniform in color) would have created a genuine issue over whether the condition was indeed open and obvious. And simply allowing the jury to consider evidence of the alleged building-code violations would not establish negligence per se. As the majority notes, “[wjhile a violation of the Building Code may serve as strong evidence that the condition at issue was dangerous and that the landowner breached the attendant duty of care by not rectifying the problem, the violation is mere evidence of negligence, and does not raise an irrebuttable presumption of it.” (Emphasis added.) Majority opinion, ¶ 21.
{¶ 31} I believe that the facts in this case come within the exception to the lack of duty as set forth in Restatement of the Law 2d, Torts (1965), Section 343A(1), that being the concept of anticipated harm from an obvious condition. Nevertheless, because this court has not adopted that exception, and based on this court’s earlier holding in Armstrong that an open and obvious condition bars a negligence action because of lack of duty, I concur in judgment only.
O’Connor, J., concurs in the foregoing opinion.

. Kremer v. Carr’s Food Ctr., Inc. (Alaska 1969), 462 P.2d 747; Courtney v. Allied Filter Eng., Inc. (1989), 181 Ill.App.3d 222, 129 Ill.Dec. 902, 636 N.E.2d 952; Douglass v. Irvin (Ind.1990), 549 N.E.2d 368; Konicek v. Loomis Bros., Inc. (Iowa 1990), 457 N.W.2d 614; Murray v. E. Maine Med. Ctr. (Me.1982), 447 A.2d 465; Riddle v. McLouth Steel Prods. Corp. (1992), 440 Mich. 85, 485 N.W.2d 676; Adee v. Evanson (Minn.1979), 281 N.W.2d 177; Burns v. Veterans of Foreign Wars (1989), 231 Neb. 844, 438 N.W.2d 485; Klopp v. Wackenhut Corp. (1992), 113 N.M. 153, 824 P.2d 293; S. Ry. Co. v. ADM Milling Co. (1982), 58 N.C.App. 667, 294 S.E.2d 750; Carrender v. Fitterer (1983), 503 Pa. 178, 469 A.2d 120.