ANNA M. STUTZ *vs.* GERTRUDE M. MARTIN.

Lincoln.    Opinion July 20, 1933.

*George A. Cowan,* for plaintiff.
*Weston M. Hilton,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.    This was a real action to recover a parcel of land in Boothbay Harbor. A disclaimer narrowed the controversy to an area, in the form of a triangle, between the contiguous properties of the litigants. The jury found for the defendant. The plaintiff brings the case forward on a general motion for a new trial.

The plea of the general issue required that the plaintiff prove that she had such an estate in the land sought to be recovered as she had alleged, and that she had a right of entry therein when she commenced her action. *Rawson* v. *Taylor,* 57 Me., 343.

A warranty deed from the Boston and Boothbay Land Company to Walter E. Colwell, dated August 30, 1910, and duly registered, constitutes the first link in the chain of title of the plaintiff.

After introducing the muniments of her ownership, the plaintiff called as a witness a land surveyor who had surveyed the land. The plan that he made was admissible to the jury, to explain what he testified he had done in making the survey, to illustrate other testimony, and to aid in throwing light on the location of the realty that the lawsuit involved.

In the extent and limits of description, the deeds of the plaintiff were regarded as sufficient to include the demanded lot, and to entitle her to the possession thereof, unless defendant had a better title.

To overcome the *prima facie* case in favor of the plaintiff's right to recover, defendant put in evidence to establish an elder legal title in herself. Her chain began with a deed from the Boston and Boothbay Land Company. Hence, title traced to a common source.

The company, by its warranty deed dated October 29, 1907, and seasonably recorded, conveyed certain land to Mary A. Taylor. She appears to have had, at her death, (intestate), a right of possession, as well as the legal seizin and possession thereof, coextensive with the right. The title that was hers descended to her daughter as her only heir at law. This daughter deeded a part of the land to the defendant, the instrument of conveyance bearing date June 29, 1931.

When, in 1910, the Land Company conveyed to Mr. Colwell, (plaintiff's initial predecessor), this description of the granted premises was incorporated in the deed:

"a certain lot of land situated on Spruce Point within the town of Boothbay and County of Lincoln and numbered 2 on a plan of the lands of said Corporation made by Roy L. Marston; said lot No. 2 being on the West side of Grand View Avenue and having a frontage on said Avenue of 245 feet, and extending back therefrom bounded as follows: — Beginning at an iron pin in a rock on the shore, thence N 1° 30′ E. 108 feet to an iron pin in a rock on Grand View Avenue, thence along said Avenue N 7° 15′ West 245 feet to an iron pin in a rock at the corner of the land of Mary A. Taylor, thence along the line of the land of said Taylor S 70° W 135 feet more or less to the jog in the land of said Taylor, thence along the

East line of the land of said Taylor to high water on the shore, and thence along said shore to the Point of beginning . . . ."

. The deed to Mrs. Taylor (that at the head of the defendant's title), was executed and delivered, as has before been stated, in 1907. The first call in this deed extends to "the northerly end of a ledge" on the westerly line of Grand View Avenue. The monument is not more definitely marked.

. The description in the deed to Mr. Colwell, to recur thereto, contains these calls: "thence along said Avenue (Grand View) . . . to an iron pin in a rock at the corner of the land of Mary A. Taylor, thence along the line of the land of said Taylor . . . ."

The line of the Taylor land, therefore, bounds the grant to Mr. Colwell. Beyond the Taylor land the Colwell deed will not, because legally it cannot, operate by way of conveyance. The description in the Colwell deed overlaps that in the Taylor deed, perhaps; even so, the extent of the real property conveyed by the latter deed might not thereby be lessened.

The description in the deed from Mrs. Taylor's heir to the defendant is as follows:

"a certain lot or parcel of land situated in Boothbay Harbor aforesaid, — bounded and described as follows, to wit: — Beginning at a bolt on the westerly side of Grand View Ave.; thence running S 48° 17′ W three hundred sixty seven and two tenths (367.2) feet to a bolt on the shore at high water mark; thence southerly by the shore one hundred ninety seven (197) feet (measured in a straight line) to a bolt at the northwest corner of land of Stutz; thence N 22° 27′ E by land of Stutz three hundred twelve and seven tenths (312.7) feet to a bolt; thence S 81° 8′ E one hundred twenty three and two tenths (123.2) feet to a bolt at Grand View Ave.; thence northerly by said Avenue N. 2° 30′ E one hundred sixty three and nine tenths (163.9) feet to point of beginning, . . . ."

The parties were in agreement as to the third call in the deed. They differed respecting the course of the line from the northerly terminus to Grand View Avenue.

Defendant pointed out the course and distance in her deed, and insisted thereon. The bolt which, according to the deed, sets at the end of the line, at the avenue, was not there. On defendant's showing, this bounding line comes to a fence post on the west side of the avenue, some eight feet northward of the northerly edge of the ledge. Claim is that evidence identifies this ledge as that named in the deed from the Land Company to Mrs. Taylor.

Plaintiff insisted another line, shorter by one foot, reaching the avenue at an iron pin in a rock, "about as big as a peck measure", resting on a ledge, approximately fifty-six feet north of that ledge which defendant asserts is the monument.

The main question which the jury must necessarily have been called upon to decide was which of the two ledges was designated in the Taylor deed.

The defendant made the land surveyor her witness, and too, relied upon his map; she also presented the testimony of another witness.

The trial judge interpreted the deeds, and in all respects instructed the jury to at least the tacit approval of the parties.

In finding for the defendant, the jurors must be held to have decided that the cause of action which, when the plaintiff rested her case was sufficiently established to justify a verdict in her favor, had, by rebuttal on the defendant's part, been overcome, — not necessarily by a preponderance of evidence, an equiponderance being enough.

The plaintiff argues that the verdict is against the evidence, or the weight of the evidence. These interchangeable phrases are used to signify that the proof on one side of a cause is greater than on the other. 40 Cyc., 878.

Courts generally exercise the power to set aside a verdict as contrary to the evidence, not only with caution, but with a certainty that the weight of evidence essential to sustain the verdict is clearly against the verdict. This case does not show the verdict to be manifestly wrong.

*Motion overruled.*
*Judgment on the verdict.*