MAUD McLELLAND *vs.* HELEN F. MORRISON.

York.    Opinion, September 4, 1941.

*Gendron & Gendron,* for plaintiff.

*Willard & Willard,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

PER CURIAM.

In this case the plaintiff seeks to hold the defendant liable in damages for the loss by fire of goods which the defendant was transporting for the plaintiff from Kennebunk, Maine, to Wellesley, Massachusetts, in a truck owned by the defendant. After a verdict for the defendant, the case is brought forward on the plaintiff's general motion for a new trial.

There is no claim of negligence and the only point in issue before the jury was whether or not the defendant acted as a common carrier in transporting the plaintiff's goods. The jury found that she did not.

The rule is too well settled to require reiteration that a jury's findings of fact are binding on this court and that a verdict will not be set aside unless it is manifestly wrong. *Hatch* v. *Dutch,* 113 Me., 94 A., 487; *Stutz* v. *Martin,* 132 Me., 126, 167 A., 861; *Susi* v. *Davis,* 133 Me., 354, 177 A., 610, 97 A. L. R., 1222.

The defendant conducted a small trucking business mostly confined to Kennebunk and Kennebunkport. On a number of occasions she had moved the furniture and personal belongings of summer residents to and from their homes out of the state. The contract between these parties was oral, the defendant agreeing to transport certain goods for the sum of $25 from Kennebunk to Wellesley. A reading of the evidence satisfies us that the jury was justified in finding, if they were

not actually compelled to find, that the defendant was not liable as a common carrier.

*Motion overruled.*