NATIONAL ALFALFA DEHYDRATING & MILLING COMPANY, a Corporation, Appellant,

v.

Harold SORENSEN, as Administrator of The Estate of Linda Lou Sorensen, Deceased, Appellee.

No. 15173.

United States Court of Appeals Eighth Circuit.

April 18, 1955.

H. L. Blackledge, Kearney, Neb., for appellant.

Elbert H. Smith, Lexington, Neb. (Bernard B. Smith, Lexington, Neb., on the brief), for appellee.

Before GARDNER, Chief Judge, and COLLET and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

This is an appeal from a judgment in favor of plaintiff in an action brought by Harold Sorensen as administrator of the estate of Linda Lou Sorensen, deceased, against National Alfalfa Dehydrating & Milling Company, a corporation, which action was brought by plaintiff in his representative capacity to recover damages for the death of his intestate by the alleged wrongful act of the defendant. The action was brought under the Nebraska Act, Section 30–809, Revised Statutes of Nebraska, 1943, providing for recovery for death by wrongful act. We shall continue to refer to the parties as they were designated in the trial court. Omitting formal and jurisdictional allegations, the complaint in substance alleged that plaintiff's intestate was riding in a pickup truck owned and operated by one Anton Sorensen which was proceeding south at about twenty-five miles per hour on the west half of the road, that at the same time a truck owned by the defendant and operated by its employee,

Wilbert Freeman, was approaching a highway intersection located approximately five miles northwest of the City of Lexington, Nebraska, from the east and was being driven by Freeman in the scope of his authority and employment, that the defendant's truck was loaded with ground alfalfa and was proceeding at a high rate of speed and traveling in the middle of the east-west road; that when the truck in which plaintiff's decedent was riding was more than halfway through the intersection the truck of defendant entered the intersection and struck the left side of the Sorensen truck at the left door, causing the truck to overturn in the west road ditch south of the intersection, thereby crushing and causing the death of plaintiff's decedent, that the sole and proximate cause of death was the negligence of defendant's employee and that such negligence consisted of (a) failing to keep a proper lookout for approaching vehicles, (b) failing to yield the right-of-way to a vehicle clearly within the intersection, (c) failing to yield the right-of-way to a vehicle approaching on the right, (d) operating vehicle at a dangerous and unlawful rate of speed, (e) failing to anticipate the possible approach of the vehicle from the north, and (f) failing to have the truck under control; that the decedent was five years of age, healthy, alert and industrious and that she left surviving her parents, Harold Sorensen and Viva Sorensen, as her sole heirs and next of kin. Plaintiff sought judgment for loss of expected services in the sum of $12,500.00. There was a second cause of action for the recovery of funeral expenses and medical services in the sum of $224.50.

Defendant answered admitting the formal and jurisdictional allegations of the complaint, admitting that a collision occurred between its truck and the Sorensen truck, admitting the death of plaintiff's intestate as a result of such collision but denied all alleged acts of negligence and all other material allegations.

At the time of meeting her tragic death Linda Lou Sorensen was five years of age. She was riding in a pickup truck owned and operated by one Anton Sorensen. Riding in the same pickup truck were her sister, Phyllis, three years of age and her cousin, J. Beck. Anton Sorensen had been at the farm home of Harold Sorensen and had loaded into his pickup truck seventeen sheep, and at the time of the accident he was proceeding in a south direction on a gravel surfaced country highway. About a half mile south from the place where he entered this highway the north-south highway is crossed by an east-west highway also gravel surfaced. Neither of these highways had priority over the other as to traffic volume or control and there were no stop signs or other traffic controls either at or approaching the intersection. When Anton Sorensen had reached a point about one-eighth of a mile north of this crossing he was driving at a speed of thirty to thirty-five miles per hour. He remembered nothing further with reference to the happening of the accident.[1] As he approached this crossing from the north the truck of the defendant loaded with ground alfalfa approached from the east and when the Sorensen truck reached the intersection of the two highways it was struck by the defendant's truck, the point of impact being the left door of the cab. The collision was of such impact as to force the Sorensen truck into the ditch on the west side of the north-south highway, causing the death of the plaintiff's intestate and his three year old daughter. There was evidence with reference to the

1. Anton Sorensen, the driver of the truck suffered serious head injuries in the accident. He was bumped on the head, suffered a memory lapse to the point six hundred feet north of the intersection, regained consciousness late in the afternoon in the hospital, was not normally subject to blackouts and had not had them before. There was medical testimony that in cases of concussion from a blow to the head it is not unusual for the patient to suffer a memory lapse for a variable time before the blow to a time thereafter and that it is not unusual that such loss of memory is never recovered.

physical facts, including the condition of the respective trucks and the marks on the highway, which will be further developed in connection with a consideration of the alleged errors of the trial court.

The defendant interposed a motion for a directed verdict at the close of all the testimony on the general ground of the insufficiency of the evidence to prove any of the allegations of negligence. The motion was denied and the case submitted to the jury on instructions of which no complaint is now made by the defendant. The jury returned a verdict in favor of plaintiff in the amount of $10,-000.00, pursuant to which the court entered judgment. Following the entry of judgment defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial and for reduction of the verdict. The motion was denied and this appeal followed. Defendant seeks reversal on substantially the following grounds:

1. The verdict is excessive in amount.

2. The court erred in admitting Exhibit No. 1.

3. The doctrine of res ipsa loquitur may not be relied upon by plaintiff because he alleged specific acts of negligence.

4. The evidence is insufficient to sustain the verdict.

Defendant's first contention is that the verdict is excessive. The short answer to this contention is that in Federal courts in tort cases the question of the alleged excessiveness of the verdict is not reviewable on appeal. See Glendenning Motorways v. Anderson, 8 Cir., 213 F.2d 432 and cases there cited. What the rule may be in state courts we need not consider as this is a procedural matter.

Plaintiff called as a witness one Leland A. Oberg, a Nebraska State Highway Safety Patrolman who had had eight years service. He arrived at the scene of the accident shortly after it occurred. He described in detail the marks on the highway, the location of the two vehicles and their condition as he had observed them. He testified to marks in the gravel indicating the point of impact and he illustrated his testimony with reference to the physical facts and conditions by a plat described in the record as Exhibit No. 1. When the Exhibit was offered in evidence in connection with his testimony it was objected to by defendant on the following grounds:

"The defendant objects to the offer of Exhibit 1 for the reason that the information shown thereon, as disclosed by the examination of the witness, is not indicative of the actual location of the vehicles themselves, with respect to the boundaries of the intersecting highways, and for the further reason that the testimony of the witness has attempted to fix the point of impact between the two vehicles, which is an attempt to invade the sole province of the Jury."

In ruling on the objection the court said:

"It will be received subject to your objection and for what it is worth."

It is here observed that on direct examination the witness did not testify as to the point of impact but this was brought out on cross-examination. He testified very fully with reference to all the physical facts. He was an expert witness and explained in detail how he had prepared the exhibit, what measurements he had made and what measurements he had not made. Among other things he testified that the two sets of tracks in the intersection came to a point in the intersection where they stopped abruptly as if striking one another and this he indicated on the exhibit. He further testified that he could mark on Exhibit No. 1 to scale, having measured the distances the day of the accident and made notes. He was further interrogated as follows:

"Q. And then you testified this morning that the tracks in the road coming from the north stopped at a point 10½ feet south of the north

boundary of the intersection. Have you platted that distance to scale on Exhibit 1 and marked in where the tracks terminated and the figure 10½ feet? A. Yes.

"Q. Now, you have indicated the tracks and you last indicated where they stopped at the 'X' mark, is that correct? A. Yes.

"Q. Have you also platted in the tracks that came to that point of the intersection from the east? A. Yes.

"Q. Will you indicate with your pointer where those tracks are shown on Exhibit 1? A. Beginning here and ending here.

"Q. You also said that the point of intersection of the tracks was 14 feet west of the east line of the intersection. Have you platted in that distance to scale on Exhibit 1? A. Yes.

"Q. Will you show us where you did that? Now, Mr. Oberg, you also said you had measured from the west boundary of the intersection to the east side of the tracks that came from the north and found that to be 7½ feet. Have you shown that on the plat? A. Yes."

We think this preliminary testimony sufficient to warrant the court in its discretion to admit the exhibit " * * * for what it is worth." Stone v. Chicago, M., St. P. & P. R. Co., 8 Cir., 53 F.2d 813; Chicago G. W. R. Co. v. Robinson, 8 Cir., 101 F.2d 994; Een v. Consolidated Freightways, 8 Cir., 220 F.2d 82; Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Edition, Vol. 9C, § 6209, pages 344 and 345.

■ Defendant urges that inasmuch as plaintiff alleged specific acts of negligence it was incumbent upon him to make proof of such acts and that he is not entitled to rely on the doctrine of res ipsa loquitur. The plaintiff does not controvert this contention but urges that the proof amply sustains the allegations of specific acts of negligence. In this view of the issue it should properly be considered a part of defendant's argument in support of his charge that the court erred in overruling its motion for a directed verdict because of alleged insufficiency of the evidence. In this connection it is noted that the instructions given by the court are omitted from the printed record in violation of Rule 10(b) of the rules of this court. In these circumstances we must presume that the court correctly instructed the jury as to every controverted issue, including the contention now made that it was incumbent upon the plaintiff to make proof of the specific acts of negligence alleged in his complaint without reference to the doctrine of res ipsa loquitur.

■■ In considering the question of the sufficiency of the evidence to sustain the verdict the evidence must be viewed in a light most favorable to the prevailing party. All conflicts in the evidence must be presumed to have been resolved in favor of the prevailing party and he is entitled to all such favorable inferences as may reasonably be drawn from the facts proven and if, when so viewed, fair-minded men might reasonably reach different conclusions the case is one for the jury and not for the court. National Postal Transport Ass'n v. Hudson, 8 Cir., 216 F.2d 193; Aetna Life Ins. Co. v. McAdoo, 8 Cir., 115 F.2d 369.

■■ It was the contention of the respective parties that the manner in which the accident occurred was indicated largely by the physical facts and surrounding circumstances. However, defendant's driver testified that he approached the crossing from the east at a speed of twenty miles per hour and that he saw the Sorensen truck one hundred fifty feet north of the intersection when he was fifty-five to sixty feet east of the intersection. The physical facts prove that the front end of the Sorensen truck had passed the intersection of the two highways before it was struck by defendant's truck and that it was struck on the left cab door. The door and the frame of the Sorensen truck were crushed in twelve to fourteen inches and the truck was knocked from the highway into the

west ditch of the north-south highway. There was evidence from the physical facts warranting the jury in believing that defendant's truck was being driven at a rate exceeding twenty miles per hour and that the driver, in the exercise of proper care, might have seen the approaching Sorensen truck in time to have avoided the accident. In other words, there was evidence, viewed in a light most favorable to the plaintiff, that the defendant's driver was not keeping a proper lookout and that under the circumstances he was driving at an excessive rate of speed. The Sorensen truck was approaching this crossing from the right and under the Nebraska statute, Section 39–728, Rev.Stat.Neb.1943. Reissue of 1952, had the right of way, and the driver of the Sorensen truck was warranted in assuming that his right of priority in this regard would be respected. Under these circumstances the jury was warranted in finding that the defendant's driver was guilty of negligence in not yielding the right of way and in not having his truck under proper control. The physical facts and surrounding circumstances proven in this case bring it, we think, within the rule announced by the Supreme Court of Nebraska in Gutoski v. Herman, 147 Neb. 1001, 25 N.W.2d 902 and Gilliland v. Wood, 158 Neb. 286, 63 N.W.2d 147. In Gutoski v. Herman, supra [25 N.W.2d 907] in reversing a judgment for defendant entered on a directed verdict the court said:

> "The evidence with reference to the location of the debris, the tire marks, the position of the vehicles after the collision, the position of the body on the highway after the accident, and all other circumstances as testified to by the witnesses, are to be taken into consideration * * *."

In Gilliland v. Wood, supra [63 N.W.2d 149], the court clearly indicated that negligence may be proven by circumstantial evidence and physical facts. It is there said:

> "Negligence is ordinarily a question of fact which may be proved by circumstantial evidence and established physical facts. If such facts and circumstances, and the inferences that may be drawn therefrom, indicate with reasonable certainty the existence of the negligent act complained of, it is sufficient to sustain a verdict by the jury."

We conclude that the court did not err in refusing to direct a verdict in favor of the defendant. Finding no reversible error in the record the judgment appealed from is therefore affirmed.