Donald ROY
v.
INHABITANTS OF CITY OF
AUGUSTA et al.

Supreme Judicial Court of Maine.

Argued Jan. 15, 1980.
Decided April 24, 1980.

Jed Davis (orally), Jim Mitchell, Augusta, for plaintiff.

Sanborn, Moreshead, Schade & Dawson, Charles E. Moreshead, Augusta (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Malcolm L. Lyons, Augusta (orally), for P. Thomas and Marilyn Baker.

Before WERNICK, GODFREY, GLASS-MAN and ROBERTS, JJ.

ROBERTS, Justice.

On September 20, 1978, Donald Roy commenced an action (Civil docket number CV–78–610) against various agencies of the City of Augusta seeking, *inter alia*, revocation of certain licenses issued to P. Thomas Baker for premises at 79–81 Cony Street, a permanent injunction against the issuance of such licenses for those premises to anyone except Roy, and an award of counsel fees on the grounds of bad faith. Neither the owner of the premises at 79–81 Cony Street, nor Baker, who was lessee of the premises, was made a party to the suit. Subsequently, Baker was granted leave to intervene as a defendant.

After hearing on November 15, 1978, and January 18, 1979, the Superior Court denied any relief and entered judgment for the defendants on April 13, 1979. A motion for

a new trial and a separate action (Civil docket number CV–79–254) attacking the issuance to Baker of renewal licenses were filed thereafter. On June 26, 1979, the Superior Court denied the request for a new trial in CV–78–610 and dismissed the complaint in CV–79–254 with costs and counsel fees to defendants. The appeals which followed in both cases were consolidated in this court. We affirm in part and vacate in part, the judgments entered in the Superior Court.

These cases are sequels to the controversy before this court in *Roy v. Inhabitants of City of Augusta*, Me., 387 A.2d 237 (1978), in which we ordered the City to issue a renewal license to Donald Roy for operation ·of a billiard hall at 79–81 Cony Street. Shortly after that decision, on June 21, 1978, the City issued a license which had already expired on May 1, 1978, apparently on the theory that such was the license "for which he had applied." At the suggestion of the City's attorney, Roy applied for a renewal license which was denied on July 17, 1978. By order entered August 11, 1978, the Superior Court ordered the issuance of a license prospectively valid for one year. In the meantime, the owner of the premises had leased that location to Baker. The billiard license here in dispute was issued to Baker on August 21, 1978, without notice to Roy or revocation of Roy's license.

### A. *Standing*

■ Before the trial court as well as before this court, the defendants raise the threshold question of Roy's standing to sue in CV–78–610. Although the issues are within the subject matter jurisdiction of the Superior Court,[1] that court's powers must be invoked by one having "standing to sue." Although labeling the issue contributes little to its solution, the label still is a useful shorthand description of the whole panoply of complex considerations by which the judiciary determines whether or not it is appropriate to entertain a specific plaintiff's claim for relief. *See Walsh v. City of Brewer*, Me., 315 A.2d 200, 208 (1974). When we are dealing with a potential re-

view of the activities of a governmental agency, special considerations of judicial restraint are involved. *See Frank v. Assessors of Skowhegan*, Me., 329 A.2d 167 (1974); 2 R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* § 80B.1 (2d Ed. 1977 Supp.).

■ In the instant case, the defendants argue that since the license in question conveys no property rights and multiple licenses are not prohibited, Roy cannot be considered aggrieved by the issuance of the second license to Baker. Roy responds that issuance of the second license in effect constituted a revocation without notice of his then existing license. Both arguments presuppose a resolution of one of the ultimate issues herein at the threshold. We prefer a different approach.

As suggested by this court in *Walsh, supra*, we look to the gravamen of Roy's complaint. The invocation of M.R.Civ.P. 80B and the Declaratory Judgment Statute (14 M.R.S.A. § 5951 *et seq.*) add nothing to the court's jurisdiction. 315 A.2d at 210. We must determine whether Roy is a person "aggrieved" by the administrative action against which he protests. The license in question is not one to be utilized at large, but is specifically limited to the premises at 79–81 Cony Street. Without regard to traditional concepts of "property rights," and for the limited purpose of determining standing, we find that by its issuance of a license to Roy *for the identical location*, the City is precluded from suggesting *at the threshold* that Roy lacks a sufficient interest therein to qualify as one "aggrieved" by its action. *Cf. Walsh v. City of Brewer, supra* at 208–09 (dictates of fairness may authorize standing under certain circumstances).

While we recognize that the Roy license was issued involuntarily by the City, so long as it stands unrevoked Roy can be said to have a "special interest," presenting a genuine controversy, presently ripe for decision. We note that the present record is inadequate to enable us to determine exact-

1. *Roy v. City of Augusta, supra.*

ly what issues between the City and Roy were adjudicated in the proceedings which resulted in the Superior Court order of August 11, 1978. We also note that any issue of Roy's failure to join an indispensable party was mooted by the successful intervention of defendant Baker.

### B. *Propriety of City's Actions*

■ We cannot condone the City's action in issuing an expired license on June 21, 1978, as a good faith compliance with our mandate in *Roy, supra.* The City justifies its conduct on that occasion, as well as its rejection of Roy's renewal application on July 17, 1978, on the grounds of an intervening criminal conviction (aiding in the illegal sale of liquor on September 27, 1977), and the failure to establish a sufficient property interest in 79–81 Cony Street. We can discern no legitimate reason why the City should not have issued its license immediately after our prior decision and then promptly moved, on adequate notice and hearing, for revocation thereof. By that process, the issues between Roy and the City would have been directly addressed since the license by its very terms, permits a revocation thereof only for cause.[2]

Thereafter, when the City received Baker's application and evidence of Baker's potentially superior right to possession of the premises in question, notice of hearing on revocation of Roy's license would also have directly addressed that issue. Presumably a joint hearing would result in a resolution of the issue. If not, the City could properly withhold further action on either license pending appropriate action by the private parties to perfect their rights. The production by either party of evidence of valid title or leasehold interest in the property at 79–81 Cony Street might well have been dispositive under the facts and circumstances of this case. The administrative procedures adopted by the City materially prolonged and unnecessarily complicated its dispute with Roy.

### C. *Conspiracy by the Individual Defendants*

■ At trial Roy attempted to establish that an unlawful conspiracy existed between the various individual defendants to interfere with his contractual rights with the owners of 79–81 Cony Street and to deny to him the license he sought by illegal discrimination. The justice at trial specifically found that "there was no evidence of collusion or conspiracy by the defendants to discriminate against [Roy]." Interpreting that recital as a finding that Roy had failed to sustain his burden of proof, we must affirm the trial court's conclusion as not clearly erroneous. M.R.Civ.P. 52.

### D. *Evidentiary Rulings*

■ On appeal Roy raises objections to various rulings of the trial court excluding evidence sought to be elicited from City officials relating to events prior to June, 1978, and relating to their communications with others concerning Roy's application. When evidence is excluded, the offering party has the duty to make an offer of proof specifically indicating why such evidence is admissible. M.R.Evid. 103(a)(2). If no such offer is made, or if the offer is insufficient to apprise the justice of the proper grounds for admissibility, the ruling will not be disturbed on appeal. See R. Field & P. Murray *Maine Evidence* § 103.4 at 8 (1976). In no instance did Roy's offer of proof demonstrate that the evidence was of such probative value that its exclusion amounted to an abuse of discretion under the standards of M.R.Evid. 403.

### E. *Injury to Roy*

■ Critical to Roy's position herein is the necessity that he establish *in fact* some injury to a legally protected interest. *See National Hearing Aid Centers, Inc. v. Smith*, Me., 376 A.2d 456, 458 (1977). In this connection, we fully agree with the position of the defendants that issuance of the license to Roy created no property interest in the premises at 79–81 Cony Street.

---

**2.** We intimate no opinion on the question of whether the alleged reasons would constitute sufficient "cause" to justify revocation of the license.

The record reveals without ambiguity that the owners of those premises had not conveyed any title or right of possession to Roy. For reasons not now relevant, the owners clearly were unwilling to give Roy a lease. At all relevant times, Roy lacked the financial capacity to accept the owners' offer to sell the premises.

Since Roy lacks any protectable property interest, and since the owners did ultimately lease the premises to Baker, we cannot ascertain any basis upon which relief can now be afforded Roy under his complaint. His prayer for relief requests the revocation of Baker's license and an injunction against issuance of any similar license to third parties. Either of these remedies would impermissibly interfere with the legitimate interests of Baker and of the non-party owners of 79–81 Cony Street. The court would, in effect, be creating an interest in property where none previously existed.

Our conclusion on the merits is not inconsistent with our earlier determination of standing to sue. In the first instance, we simply determine whether the plaintiff is one who may seek to establish a right to relief. On the second instance, our inquiry is whether he has in fact established such a right. On the record before us, we must affirm the Superior Court's conclusion that Baker had a "good and valid license" which he is entitled to retain.

### F. Counsel Fees in CV–78–610

As we said above, the administrative conduct of the City materially prolonged and unnecessarily complicated its dispute with Roy. We find that the record demonstrates beyond question that the City's administrative procedures were intentional. As a result, Roy requests this court to award attorneys' fees to him.

Our courts have limited authority to award counsel fees (1) where the parties have so agreed, (2) where authorized by statute, and (3) for certain tortious conduct. *See Thiboutot v. State*, Me., 405 A.2d 230, 238 (1979), *cert. granted*, —— U.S. ——, 100 S.Ct. 727, 62 L.Ed.2d 728 (1980) (No. 79–838). Here we are asked to award counsel fees to the losing party. Neither the statute (14 M.R.S.A. § 1501) nor the rule (M.R.Civ.P. 54(d)) envisions such an award but, rather, each allows costs to the prevailing party unless the court orders otherwise. Roy cites no authority for an award of counsel fees under the circumstances herein, nor have we found any.[3]

### G. Dismissal of CV–79–254

At oral argument, Roy conceded that the determination on the merits of his appeal in CV–78–610 would be dispositive of his appeal in CV–79–254. The record in CV–79–254 reveals that Roy's purpose, and a proper purpose as well, was to prevent his appeal in CV–78–610 from being rendered moot by the uncontested issuance of a renewal license to Baker. In view of our disposition of CV–78–610, we need not consider the merits of CV–79–254. However, Roy complains that the Superior Court award of counsel fees to the defendants was improper. We do not reach the merits of that issue because no order was entered for the payment by Roy of any specific amount as counsel fees. We hold that the order as entered was ineffectual to create any right in the defendants to collect any amount of money from the plaintiff. The dismissal will be affirmed, with the ineffectual reference to counsel fees vacated.

The entries are:

In CV–78–610 Appeal denied. Judgment affirmed.

In CV–79–254 Appeal sustained in part. Judgment modified by vacating the reference to counsel fees, and as modified, affirmed.

Costs allowed to appellee Baker only.

All concurring.

---

3. Roy apparently did not move for an award of counsel fees when he was the successful party in CV–77–290 or CV–77–420 after this court's first opinion and subsequent Superior Court order requiring the city to issue him a license. We intimate no opinion on whether under those circumstances an award of counsel fees would have been justified.