**Stephen GILES, Administrator of the Estate of Lenwood E. Giles**

v.

**MAINE FIDELITY LIFE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1980.

Decided Dec. 30, 1980.

Richard W. Elliott (orally), Boothbay Harbor, for plaintiff.

Amerling & Burns, P. A., W. John Amerling (orally), George F. Burns, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN, ROBERTS and CARTER, JJ.

CARTER, Justice.

The plaintiff appeals from an order granting the defendant's motion for summary judgment. We dismiss the appeal because it has been made moot by a settlement and release agreement.

In September 1974, Lenwood Giles filed a complaint in Superior Court against the defendant and others. Count One sought compensatory damages for the defendant's failure to pay Giles's claim for benefits under a disability insurance policy. The other counts and other defendants are not involved in this appeal. After the defendant had filed its answer and counterclaim, the plaintiff moved to amend his complaint to add a demand for punitive damages under Count One. The Superior Court denied the motion on March 31, 1975, stating that punitive damages could not be recovered in an action for breach of contract.

Subsequently, the Superior Court permitted the plaintiff to amend his complaint to add Count V, based on a tort theory of conversion, and to add a demand for exemplary damages. In ruling on the amendment, the Superior Court stated that exemplary damages, if recoverable, would be limited to the new Count V. The pretrial order repeated that the claim for exemplary damages related only to Count V.

On May 31, 1978, the parties entered into a mutual release and settlement agreement. Paragraph 3 of that agreement stated:

Stephen Giles, on behalf of the Estate of Lenwood E. Giles, and as Plaintiff in the action described herein, hereby releases MFL and [the other defendant] and [the two defendants] hereby release each other from any and all causes of action, claims for direct, consequential, or special damages, rights, covenants, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, contracts, controversies, agreements and demands of any nature whatsoever in law or in equity arising out of the transactions and claims described in the pleadings in an action known as *Lenwood E. Giles v. Maine Fidelity Insurance Company et als.*, docketed in the Superior Court for Lincoln County as Docket No. 74–88 *except for such claim for punitive damages as said Giles may have against MFL in connection with its appeal of the ruling of this Court denying an amendment to his Complaint on March 31, 1975.* Giles further covenants that *in the event that he shall not prevail in said appeal, he shall have no further claim of any nature whatsoever against MFL* and he hereby releases MFL from any such further claim, demand, or cause of action.

(emphasis added).

The appeal referred to in the settlement agreement took the form of a report to the Law Court, pursuant to M.R.Civ.P. 72(a). On the same day they executed the settlement agreement, the parties also stipulated that the Superior Court's "denial of Plaintiff's Motion to Amend to add punitive damages to his original Complaint on March 31, 1975, may be reported to the Law Court." The parties also filed a joint motion for dismissal, pursuant to Rule 41(a)(2), requesting dismissal of all claims "except for such claims for punitive damages as Plaintiff may have under his proposed first amendment to his Complaint herein which such amendment was denied by this Court on March 31, 1975." The motion for dismissal also recited the plaintiff's intention to appeal pursuant to a report by agreement under Rule 72.

Acting on the parties' stipulation, the Superior Court reported the action. We discharged the report because we were not convinced that the reported question was of sufficient significance to the parties to satisfy our criteria for a Rule 72 proceeding. In remanding to the Superior Court, we stated:

> Under the confused and unusual circumstances of this case, we are unwilling to accept the report of this action pursuant to Rule 72(a) in the absence of an explicit declaration by the reporting justice that in his opinion the question of law involved is of sufficient importance, as well as of sufficient doubt, to justify the report.

*Giles v. Maine Fidelity Life Insurance Co.,* Me., 402 A.2d 473, 475 (1979).

On remand, rather than addressing the questions we raised in our opinion, the Superior Court assisted the parties in arriving at the judgment from which the plaintiff now appeals. The Superior Court dismissed everything except Count One, noting that the parties desired to "preserve the issue of punitive damages for further adjudication," and suggested that the defendant file a motion for summary judgment. The Superior Court then granted the defendant's motion for summary judgment on Count One. The Court stated that partial summary judgment on "the issue of punitive damages in Count I" was based on the Superior Court's prior rulings on the motions to amend the complaint and in the pretrial order. Dismissal of the other counts and summary judgment on all other aspects of Count One was based on the settlement agreement. The Superior Court's order stated that this disposition "effectuates the intent of the parties, which was to place the case in such a posture that the availability of punitive damages under Count I of the Complaint could be determined by the Law Court." The plaintiff now appeals from the order of summary judgment and asks this court to decide whether, as a matter of law, punitive damages are available.

We find that the appeal is made moot by the May 1978 settlement agreement. The parties did not, by the release, accomplish a general reservation of "the issue of punitive damages," and that issue was no longer viable between the parties when the Superior Court entered the judgment which purports to decide that issue. The only matter left open by the settlement, and by the other documents executed on the same day, was the appeal from the March 1975 ruling denying the plaintiff's motion to amend his complaint. The plaintiff agreed to have no further claim against the defendant if he did not prevail on that appeal. The present appeal does not arise from the March 1975 ruling but from the subsequent order of summary judgment. When the plaintiff did not prevail in the only appeal contemplated by the settlement agreement, that agreement precluded any further proceedings, except those consistent with the Law Court's opinion in discharging the report. The Superior Court should have either addressed the issues pertaining to the Rule 72 proceeding or else dismissed the entire case on the basis of the settlement agreement.

■ Except in extraordinary circumstances, this court will not hear an appeal when intervening circumstances resolve the controversy between the parties. *Cote v. Zoning Board of Appeals for the City of Bangor,* Me., 398 A.2d 419 (1979); *Bollous v. Town of York,* Me., 402 A.2d 606 (1979) (Memorandum of Decision). Here, the settlement agreement resolved everything except the plaintiff's appeal from denial of his motion to amend. Since he did not prevail on that appeal, the agreement precluded any further adjudication. Therefore, we dismiss the appeal without reaching any substantive issues.[1]

---

1. We therefore express no opinion as to whether exemplary damages can ever be awarded in a suit for failure to settle an insurance claim. We also express no opinion on the permissibility of pursuing a claim for exemplary damages after settlement has been reached on the claim for compensatory damages arising out of the same cause of action. *See Stephenson v. Collins,* 216 So.2d 433 (Fla.1968).

The entry must be:

Appeal dismissed.

All concurring.