Helen M. GAYNOR et ux.

v.

Duncan A. McEACHERN, Administrator
of Estate of Leslie A. Fowles

and

Daniel A. GAYNOR

v.

Duncan A. McEACHERN, Administrator
of Estate of Leslie A. Fowles.

Supreme Judicial Court of Maine.

Argued March 12, 1981.

Decided Dec. 8, 1981.

Hunt, Thompson & Bowie, Roy E. Thompson (orally), James M. Bowie, Glenn H. Robinson, Portland, for plaintiff.

Law Offices of Richard E. Dill, Richard E. Dill (orally), Kittery, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN,* ROBERTS and CARTER, JJ.

NICHOLS, Justice.

An automobile collision, June 21, 1977, on U. S. Route 1, in York, gave rise to two actions tried and consolidated in Superior Court (York County). In that collision one automobile operated by Daniel A. Gaynor, in which his wife, Helen M. Gaynor, was a passenger, was traveling south when it collided with a northbound automobile, operated by Leslie A. Fowles (since deceased) when the latter was making a left turn and crossing the southbound lane.

On March 8, 1978, the Plaintiffs, Helen M. Gaynor and Daniel A. Gaynor, commenced the first action against the Defendant, Leslie A. Fowles for personal injuries, medical expenses, loss of earning capacity and Daniel A. Gaynor's loss of consortium. The Defendant counterclaimed (although he termed it a "cross-claim") for contribution, alleging that the husband was negligent in the operation of his automobile at the time of the collision.

* GLASSMAN, J., sat at oral argument and participated in the initial conference but died before the opinion was adopted.

On May 26, 1978, the Plaintiff, Daniel A. Gaynor, had commenced the second action against the Defendant, Leslie A. Fowles, for property damage to his automobile; the Defendant counterclaimed for property damage to the Defendant's automobile. On June 12, 1980 the parties filed in this second action a stipulation to assessment of property damages in accordance with the jury determination a few days earlier in the prior action of the parties' respective negligence.

Leslie A. Fowles died of causes unrelated to this collision on December 19, 1979. The Superior Court substituted the administrator of his estate as the Defendant.

On June 2, 1980, three days before trial, the parties stipulated to the dismissal with prejudice of Daniel A. Gaynor's claims for personal injury and consequential damages in that action. He remained in the case as the Defendant on Fowles' counterclaim (erroneously styled by counsel a "cross-claim").

In the earlier action on June 9, 1980, the Superior Court (York County) entered judgment for the Plaintiff, Helen M. Gaynor, on a jury verdict in the amount of $127,357.00 for the personal injuries of Helen M. Gaynor and also entered judgment for Daniel A. Gaynor, likewise on a jury verdict, on the counterclaim against Daniel A. Gaynor for contribution. The Administrator of Fowles' Estate appealed to this Court and Daniel A. Gaynor cross-appealed.

Before this Court it was agreed by counsel that on August 12, 1980 Helen M. Gaynor and the Administrator of Fowles' Estate entered into a settlement agreement disposing of her claims under the judgment in the earlier action, but this agreement was not made a part of the record on this appeal.

In the second action on September 5, 1980, the same court entered judgment for the Plaintiff, Daniel A. Gaynor, in the amount of $2,730.00; this judgment was based upon the answers of the jury to the special interrogatories in the first case and a pre-trial stipulation of the parties in respect to Daniel A. Gaynor's recoverable property damage in the second case. Leslie A. Fowles' Administrator appealed therefrom to this Court and Daniel A. Gaynor cross-appealed.

We dismiss the cross-appeals of Daniel A. Gaynor, deny the appeals of the Administrator of Leslie A. Fowles' Estate and affirm the judgments of the court below.

On this appeal from the judgment in the first action the Defendant and Counterclaimant asserts that the Superior Court erred in denying his motions for mistrial, judgment n. o. v., and new trial on grounds that prejudicial error resulted from specific reference by counsel for the Plaintiff, Helen M. Gaynor, during closing argument to the ad damnum sought and from the admission into evidence on a speculative and conjectural basis of her future loss of earnings.

■ We need not consider these issues related to the damages which were awarded to the Plaintiff, Helen M. Gaynor, at trial. Because of the settlement and release agreement which the parties stipulate they entered into as of August 12, 1980, which was subsequent to the entry of judgment in the earlier action, the issues concerning damages awarded her are no longer in controversy, and are, therefore, moot. *See Giles v. Maine Fidelity Life Insurance Co.*, Me., 423 A.2d 957, 959 (1980); *Cote v. Zoning Board of Appeals for the City of Bangor*, Me., 398 A.2d 419, 420 (1979).

These consolidated appeals thus are viable only as to the judgment in the amount of $2,730 which the Plaintiff, Daniel A. Gaynor, recovered in the second action for his property damage and the judgments in both actions denying the Defendant relief on his counterclaims against Daniel A. Gaynor for contribution and for the Defendant's property damage.

The Defendant and Counterclaimant raises several evidentiary issues for our consideration. We consider them in turn.

He contends that prejudicial error resulted when the Superior Court permitted at trial a lengthy voir dire of his accident reconstruction expert, Andrew Monti. Specifically, the Defendant claims that, al-

though out of the presence of the jury, the four hour examination destroyed the credibility of the expert witness.

■ The record reveals the presiding justice's recognition of his discretionary authority to permit the voir dire examination pursuant to M.R.Evid. 705(b), which provides:

An adverse party may object to the testimony of an expert on the ground that he does not have a sufficient basis for expressing an opinion. He may before the witness gives his opinion be allowed to conduct in the absence of the jury a voir dire examination directed to the underlying facts or data on which the opinion is based. If a prima facie case is made that the expert does not have sufficient basis for his opinion, the opinion is inadmissible unless the party offering the testimony first establishes the underlying facts or data.

The Advisers' Note to Rule 705 indicates that the court possesses discretion to permit prior disclosure of the underlying facts supporting the expert's opinion. As we stated in *E. N. Nason, Inc. v. Land-Ho Development Corp.*, Me., 403 A.2d 1173, 1180 (1979):

An expert's opinion must be based on a sufficient factual basis to which his specialized knowledge may be applied. *See Parker v. Hohman*, Me., 250 A.2d 698, 702 (1969). M.R.Evid. 705(b) permits a voir dire examination of a proposed expert witness directed to the underlying facts or data on which his opinion is based. Where a sufficient basis for the opinion is shown to be lacking, the opinion is inadmissible. *See* R. Field & P. Murray, *Maine Evidence* § 705.2 (1976).

*See also Roberts v. Tardif*, Me., 417 A.2d 444, 450 (1980); *cf. State v. Goyette*, Me., 407 A.2d 1104, 1113 (1979).

■ Notwithstanding the Defendant's argument that there existed ample pre-trial disclosure of the underlying basis for the expert's opinion, here the presiding justice lacked knowledge of that basis. Given the court's requisite need to determine that the expert's opinion was founded upon sufficient facts and data, we cannot say the court abused its discretion in permitting voir dire of this expert.

The Defendant and Counterclaimant next contends that the court's exclusion from evidence of the expert's accident reconstruction plan constituted prejudicial error. Exclusion of the plan, argues the Defendant, impeded his ability to adequately present his only defense—the alleged contributory negligence of Daniel A. Gaynor.

■ As a general rule, a map or a plan may be admissible in evidence to illustrate live testimony of a witness.[1] The admission of such evidence, however, is left to the discretion of the presiding trial justice. M.R.Evid. 104(a). Where, as in the instant case, evidence is excluded, the offering party has the duty to make an offer of proof to indicate why such evidence is admissible. M.R.Evid. 103(a)(2). If no such offer of proof is made at trial, the presiding justice's ruling is not to be disturbed on appeal. *Roy v. Inhabitants of City of Augusta, Me.*, 414 A.2d 215, 218 (1980). *See* R. Field & P. Murray, *Maine Evidence* § 103.4 (1976). Here, the Defendant failed to make the required offer of proof following the court's exclusion of the accident reconstruction plan's admission into evidence. Accordingly, we will not at this appellate stage disturb the presiding justice's ruling. Even if the Defendant had made the required offer of proof, we would reach the same result. Here, the accident reconstruction plan was cumulative evidence. *See* M.R.Evid. 403; R. Field & P. Murray, *Maine Evidence* § 403.1 (1976).

■ As another issue on appeal the Defendant and Counterclaimant asserts that prejudicial error resulted from (1) the Superior Court's failure to give the instructions he requested as to Gaynor's duties to keep his automobile under control, to seasonably apply his brakes, and to not leave his lane

1. *See Stutz v. Martin*, 132 Me. 126, 127, 167 A. 861, 861 (1933). *See also National Alfalfa Dehydrating & Milling Co. v. Sorensen*, 220 F.2d 858 (8th Cir. 1955); *Hickman v. Parag*, 53 Del. 217, 167 A.2d 225 (1961). *See generally* Annot., 9 A.L.R.2d 1044 (1950).

of travel unless it could be accomplished safely; and (2) the Superior Court's giving of the instructions which the Plaintiff requested on the duties of a left-turning driver. Examined in its entirety, the charge adequately set forth the duties of a left-turning motorist and operators in general. *See Desmond v. Wilson*, 143 Me. 262, 268, 60 A.2d 782, 786 (1948).

There was no error here.

We have noted that Daniel A. Gaynor filed a cross-appeal in both the earlier action, where he was defending a counterclaim for contribution and the second action, which was brought by him as Plaintiff, seeking to recover his own property damage. We dismiss both cross-appeals for want of standing.

 A party has standing to appeal a judgment only where the judgment adversely and directly affects that party's property, pecuniary or personal rights. 14 M.R.S.A. § 1851; *Jamison v. Shepard*, Me., 270 A.2d 861, 862 (1970). As we have seen, the Superior Court entered judgment in the earlier action against the Administrator of Fowles' Estate and in favor of Helen M. Gaynor on her personal injury claim. At the same time the Court entered judgment in favor of Daniel A. Gaynor on the Administrator's counterclaim for contribution. Two months later, as we have also seen, the Superior Court entered judgment in the second action against the Administrator of Fowles' Estate and in favor of Daniel A. Gaynor on the claim for property damage to Gaynor's automobile; it simultaneously entered judgment in favor of Daniel A. Gaynor on the Administrator's counterclaim for property damage to the Fowles automobile.

It suffices to say that such judgments below do not adversely affect Daniel A. Gaynor's interests.

In a motion to dismiss the appeals of Fowles' Administrator Daniel A. Gaynor contends that the appeals are moot. He argues that the August 12, 1980 settlement agreement between Helen M. Gaynor and Fowles' Administrator and a May 28, 1980 release of Fowles' Estate executed by Daniel A. Gaynor and Helen M. Gaynor accomplish the compromise settlement of all issues between the parties concerning the automobile collision.

The August 12, 1980 agreement is not relevant. Daniel A. Gaynor was not a party to this agreement and he has no interest in its terms.

Furthermore, the May 28, 1980 release is not before us. No mention of the agreement appears in Daniel A. Gaynor's motion to dismiss (which was based upon procedural deficiencies as he saw them), in any of the pleadings of the two cases, or in the trial transcript. We would be unaware of this writing if Daniel A. Gaynor's counsel unilaterally had not appended a copy of the writing as an "exhibit" to his "supplemental brief." [2]

In the appeals before us we do not address the issue of whether the settlement agreement bars, or does not bar, claims which may be asserted by Fowles' Administrator against Daniel A. Gaynor.

The entries, therefore, in the two actions (CV–78–132 and CV–78–255) will be identical:

Appellee's motion to dismiss appeal denied.

Appeal denied.

Cross-appeal dismissed.

Judgment affirmed.

All concurring.

---

2. With the release not before us, we are not called upon to apply the rule of *Butters v. Kane*, Me., 347 A.2d 602 (1975) to the facts of this case, and we intimate no opinion whatsoever thereon.